**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Herbert LINDO, Defendant–Appellant.**

**No. 94–2159.**

United States Court of Appeals, Sixth Circuit.

Argued March 9, 1995.

Decided April 12, 1995.

---

Richard S. Murray, Asst. U.S. Atty. (argued & briefed), Grand Rapids, MI, for plaintiff-appellee.

Thomas M. Dawson (argued & briefed), Leavenworth, KS, for defendant-appellant.

Before: KRUPANSKY, NELSON, and DAUGHTREY, Circuit Judges.

KRUPANSKY, Circuit Judge.

The defendant-appellant, Herbert Lindo, challenged the district court's revocation of his probation and four month sentence of imprisonment upon findings that Lindo had violated the probationary terms which had been imposed consequent to his conviction on three securities fraud counts.

■ The evidence before the lower court supported the finding that Lindo had violated standard condition no. 6 of his probation by failing to report to his probation agent, within 72 hours, the termination of his employment as a consultant with CashTek, Inc.. Despite the appellant's insistence that his dismissal had been invalid, his firing by the CashTek Board of Directors on December 20, 1993, and his "lock out" on or about January 5, 1994, unquestionably constituted changes of employment circumstances which he should have reported. Nevertheless, the probation agent did not discover Lindo's unemployment until he (the officer) visited CashTek on January 27, 1994. Moreover, the defendant had violated special condition no. 4 by leaving his residence for extended periods between December 20, 1993 and January 27, 1994 in violation of the condition of house arrest.

Lindo urged in his defense that he was suffering from emotional stress during January 1994, which excused his "oversight." However, severe psychological pressure does not pardon continuing and obvious infringements of probationary conditions. The district court did not abuse its discretion by finding that no mitigating circumstances excused the appellant's default.

■ Moreover, Lindo violated special condition no. 1 of his probation by refusing to supply his probation officer with requested financial documentation. Although previously instructed to produce a copy of his 1993 personal income tax return, and despite having filed the original return on August 11, 1994, the defendant did not deliver a copy until the day of his probation revocation hearing (September 27, 1994). Additionally, Lindo should have, but did not, report cash receipts and disbursements and other financial transactions conducted through the account of P & J International, Inc., a shell corporation which served as Lindo's alter ego. (Lindo disclosed these receipts and expenditures only after the probation officer inadvertently became aware of a $12,000 check payable to P & J).

■ Finally, the appellant failed to pay any part whatsoever of the $600,000 fine imposed by the sentencing court on June 17, 1993, to be paid "in full not later than the term of the defendant's probation." Judgment, *J.App.* at 42; 18 U.S.C. § 3562(a). The defendant has correctly argued that the October 18, 1993 written agreement dictating monthly installments of $20,000 drafted by the probation officer and executed by Lindo was ineffective, because only the district

court had the authority to impose an installment schedule to pay the fine. *United States v. Murphy*, 28 F.3d 38, 42 (7th Cir.1994). However, because only a single probation violation was sufficient to support the district court's exercise of discretion to revoke Lindo's probation, *see* 18 U.S.C. § 3565(a), and because this court affirmed *supra* two of the district court's three findings of probationary violations (his failure to report an employment change and his related illegitimate absence from house arrest, and his neglect to produce demanded financial documentation), this court need not address the defendant's charge that the trial court erred in its finding that Lindo violated his probation by failing to discharge any portion of the $600,000 fine that was imposed as a part of its sentence.

 Although the district court did not err by finding that Lindo had violated his probation, it appears that it mistakenly concluded that United States Sentencing Guidelines ("U.S.S.G.") §§ 7B1.3(a)(1) and 7B1.4 *compelled* it to revoke the defendant's probation and to impose a term of institutional penal confinement because, in the district court's analysis, three Grade C probationary infractions aggregated into a Grade B violation, and Grade B offenses automatically triggered probation revocation.[1] To the contrary, U.S.S.G. § 7B1.1(b) directs that, where more than one probation offense occurred, the grade level shall be determined by the violation carrying the most serious grade. In the instant case, each of Lindo's three infractions found by the lower court constituted a noncriminal, Grade C violation. U.S.S.G. 7B1.1(a)(3). Consequently, Lindo's total violation level was Grade C, not Grade B; as such, the district court was not *required* to revoke probation and impose an imprisonment term (even accepting *arguendo* the propriety of all three violation findings), but rather it had the discretion to *either* (1) revoke probation, *or* (2) extend or modify the terms of probation. U.S.S.G. § 7B1.3(a)(2).[2]

Accordingly, although the trial court acted within its proper *discretion* by revoking probation and (given the appellant's criminal history category of I) imposing a four month imprisonment term for Lindo's Grade C transgressions, *see* U.S.S.G. § 7B1.4(a), the lower court misapplied the Guidelines by misconstruing the sections in controversy to compel revocation of probation, when in fact revocation was not mandatory and the trial court could have instead elected to continue or modify the terms of probation because Lindo had committed no Grade B or Grade A offense. *Accord, United States v. Landers*, 39 F.3d 643, 649 (6th Cir.1994). Therefore, the judgment entered on or about September 29, 1994, which revoked Lindo's probation and consequently imposed a four month custodial sentence, is hereby VACATED, and the case is REMANDED to the district court for reconsideration in accordance with this opinion.

---

1. Only Count 5 was governed by the Sentencing Guidelines. The other two counts of conviction (Nos. 2 and 3) of the five count indictment involved activities which transpired prior to November 1, 1987, the effective date of the Guidelines.

2. If the trial court *elects* to revoke probation in a Grade C case, it *then* is compelled to sentence the offender to a period of incarceration. U.S.S.G. § 7B1.4(a).