**UNITED STATES of America**

v.

**William W. LILLY, Defendant.**

**Crim. A. No. 90–10316–WGY.**

United States District Court, D. Massachusetts.

Oct. 3, 1995.

---

## MEMORANDUM AND ORDER

YOUNG, District Judge.

Seeking to avoid restitution of over $5,000,000 and five years probation following his anticipated release from prison, William W. Lilly ("Lilly") launches an imaginative assault on his sentence. That assault must fail.

## I. Procedural History

Lilly was indicted and tried on thirty counts of bank fraud under 18 U.S.C. § 1344. The first twenty-nine counts were based upon Lilly's submission of twenty-nine sets of fraudulent documentation—mortgages, sales agreements, and closing documents—to a bank in order to obtain $7,000,000 in financing for the purchase of an apartment complex. Count 30 stemmed from Lilly's sale of his interest in the property, along with the false documentation, to a third party for approximately $9,000,000. The jury convicted Lilly on Counts 1, 2–7, 12–29, and 30.

On November 4, 1991, the Court pronounced sentence on Lilly, and four days later entered a judgment (the "First Judgment") sentencing him as follows:

1) five years' imprisonment on Count 1;

2) five years' imprisonment from and after on each of Counts 2–7 and 12–29, such sentences to run concurrently, suspended;

3) in lieu of the suspended sentences on Counts 2–7 and 12–29, five years' probation;

4) five years' imprisonment on Count 30 from and after both the sentence imposed on Count 1 and the suspended sentences imposed on Counts 2–7 and 12–29, suspended;

5) restitution in the amount of $5,071,-751.59 to the Resolution Trust Corporation as directed by the Chief United States Probation Officer.

As further conditions of probation, the Court ordered that Lilly provide his probation officer with access to any requested financial information, and prohibited Lilly from engaging in the business of banking or real estate brokerage.

Lilly filed notices of appeal of his sentence and conviction on November 8 and November 19, 1991.

On December 30, 1991, the Court *sua sponte* issued an Amended Corrected Judgment (the "Second Judgment") sentencing Lilly to five years imprisonment on Count 1; five years imprisonment on each of Counts 2–7 and 12–30 from and after the sentence imposed on Count 1, suspended; five years' probation in lieu of the suspended sentences; and restitution. The Second Judgment thus explicitly imposed five years' probation in lieu of the suspended sentence imposed on Count 30, but eliminated the second five-year term of probation from and after that imposed on Counts 2–7 and 12–29.

On appeal, the First Circuit held on December 4, 1992 that the first 29 counts were multiplicitous because they all related to "a single execution of a unitary scheme." *United States v. Lilly*, 983 F.2d 300, 303 (1st Cir.1992). The Court of Appeals further held that Lilly need not be resentenced because the district court had sentenced him to the statutory maximum of five years on Count 1, *id.* at 305 n. 11, and ordered the following: that the judgments of conviction and accompanying sentences on Counts 2–7 and 12–29 be vacated; that the five-year sentence on Count 1 stand; that the conviction and five-year suspended sentence on Count 30 stand; and that the restitution order imposed with respect to Count 30 stand. *Id.* at 306.

On February 18, 1993, pursuant to the mandate of the Court of Appeals, this Court issued an Amended Judgment (the "Third Judgment") as follows:

It is the judgment of this Court that the defendant be and hereby is sentenced to 5 years imprisonment in the custody of the Attorney General on Count 1 with credit given for time served. 5 years from and after the sentence of incarceration imposed on Count 1, on Count 30, suspended.

The defendant is Ordered to pay restitution in the amount of $5,071,751.59 to the Resolution Trust Corporation as directed by the Chief U.S. Probation Officer. As a special condition of probation, defendant is Ordered to provide access to the Chief U.S. Probation Officer to any requested financial information; as a further condition of probation, defendant is Ordered NOT to engage in the business of banking or real estate brokerage.

Lilly did not appeal the Third Judgment.

More than two years later, on February 24, 1995, Lilly filed the instant Motion to Vacate Sentence, purportedly pursuant to

Rule 35(a) of the Federal Rules of Criminal Procedure and 28 U.S.C. § 2255. He alleges an entitlement to resentencing, and urges that any new sentence imposed may not include a term of probation.

## II. Procedural Posture

As a preliminary matter, the Court must determine whether to treat the instant matter under Rule 35 or section 2255. Lilly asserts in his motion and supporting brief that he is invoking the jurisdiction of this Court under both provisions, and that the Rule 35 in effect prior to November 1, 1987 applies to him because the offenses for which he was convicted were concluded in March of 1987.[1] The Government completely ignores Lilly's references to Rule 35, selectively styling its brief, "Government's Answer to Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255," and proceeds to expend a good deal of its energy demonstrating Lilly's failure to present a cognizable claim under that statute.

The overlap between and interplay of Rule 35 and section 2255 has been recognized for many years. *See, e.g., Hill v. United States,* 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962); *Heflin v. United States,* 358 U.S. 415, 418, 79 S.Ct. 451, 453, 3 L.Ed.2d 407 (1959); *id.* at 422, 79 S.Ct. at 455 (Stewart, J., concurring); RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS 2 advisory committee's note (1976 Adoption); 3 CHARLES A. WRIGHT, FEDERAL PRACTICE AND PROCEDURE §§ 581–602 (2d ed. 1982 & Supp.1995). A Rule 35 motion generally presupposes a valid conviction, provides the procedure for "bringing an improper sentence into conformity with the law," and is appropriate where a sentence is illegal or ambiguous. Wright, *supra,* § 582. To state a claim under section 2255, a federal prisoner must allege that 1) the court lacked jurisdiction; 2) the conviction or sentence was unconstitutional; 3) the conviction or sentence violated federal law;

or 4) the sentence or judgment is otherwise subject to collateral attack. 28 U.S.C. § 2255 (1994); JAMES S. LIEBMAN, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 36.3, at 552 (Michie 1988).

As discussed below, the situation before the Court does not fall neatly into either category. In essence, Lilly seeks clarification of the Third Judgment and a declaration that it does not—and cannot—include a term of probation. Thus, he does not maintain that his sentence is per se "illegal" or "imposed in an illegal manner," but rather that it is ambiguous. Such is the realm of Rule 35 motions. On the other hand, Lilly necessarily claims that if and to the extent the Third Judgment contains a term of probation, such a sentence would violate federal law—at least, Lilly's interpretation of federal law—a matter theoretically cognizable under section 2255. The Court agrees with the Government that Lilly's failure to argue the claims he now makes on direct appeal or to demonstrate cause for the failure and actual prejudice therefrom precludes section 2255 relief. *See United States v. Frady,* 456 U.S. 152, 165, 167–68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982) ("collateral challenge may not do service for an appeal"). Therefore, the Court is inclined to treat the instant matter as a timely motion under Rule 35 and reach the merits rather than bounce Lilly out of court on procedural grounds.

> Under rule 35 ... the court may correct an illegal sentence or a sentence imposed in an illegal manner, or may reduce the sentence. This remedy should be used, rather than a motion under these § 2255 rules, whenever applicable, but there is some overlap between the two proceedings.... The movant should not be barred from an appropriate remedy because he has misstyled his motion. The court should *construe it as whichever one is proper under the circumstances and decide it on the merits.*

1. Such a distinction is crucial here. Prior to its 1987 amendment, Rule 35 empowered the Court to "correct an illegal sentence *at any time* and [to] correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence [120 days]." FED.R.CRIM.P.

35(a) (1987) (emphasis supplied). The version of the rule applicable to offenses committed after November 1, 1987 provides for the correction of a sentence within seven days of its imposition as a result of arithmetical, technical, or other clear error. FED.R.CRIM.P. 35(a).

Rules Governing Section 2255 Proceedings in the United States District Courts 2 advisory committee's note (1976 Adoption) (emphasis supplied and citations omitted).

## III. Discussion

Lilly constructs the following argument in favor of a probation-free resentencing. He points out that the First Judgment only sentenced him to probation in lieu of the suspended sentences imposed on Counts 2–7 and 12–29, and not in lieu of the suspended sentence imposed on Count 30. The First Circuit, of course, vacated the convictions and sentences imposed on Counts 2–7 and 12–29, the *only* sentences in the First Judgment carrying with them the probation requirement. The Second Judgment, imposing probation in lieu of the Count 30 suspended sentence is illegal and void, so Lilly claims, because it was entered in his absence and after the filing of his notices of appeal. Finally, it appears that the Third Judgment does not explicitly sentence Lilly to probation at all, but merely contains one suspended sentence along with certain conditions of probation. As such, so the argument goes, the suspended sentence is a nullity and the Court must resentence Lilly, but may not now impose probation because probation was imposed in the First Judgment only on counts which have been vacated. As support for this last proposition, Lilly relies primarily on *Pugliese v. United States,* 353 F.2d 514 (1st Cir.1965) and *United States v. Henry,* 709 F.2d 298 (5th Cir.1983) (en banc).

Although creative, Lilly's construct is fraught with flaws. Foremost among them is that it ignores the fact that the Court of Appeals, in reviewing the original convictions and sentences on appeal, stated explicitly that it could "see no point in ordering that Lilly be sentenced anew," *United States v. Lilly,* 983 F.2d 300, 305 n. 11 (1st Cir.1992), and expressly held that "[t]he conviction, five-year suspended sentence, and $50 assessment on count 30 ... may ... stand." *Id.* at 306.

■ Since probation, like a shadow, **always** accompanies a suspended sentence, see 18 U.S.C.A. § 3651 (West 1985) (court "may suspend the imposition or execution of the sentence *and* place the defendant on probation") (emphasis supplied); *see United States v. Elkin,* 731 F.2d 1005, 1010–11 (2d Cir.), *cert. denied,* 469 U.S. 822, 105 S.Ct. 97, 83 L.Ed.2d 43 (1984) (suspended sentence without probation a nullity); *McHugh v. United States,* 230 F.2d 252, 255 (1st Cir.), *cert. denied,* 351 U.S. 966, 76 S.Ct. 1030, 100 L.Ed. 1486 (1956) (suspension of sentence required to support order of probation); *United States v. Makres,* 851 F.2d 1016, 1019 (7th Cir.1988) (section 3651 "requires that suspension and probation go hand in hand"), the First Circuit implicitly held that the sentence imposed on Lilly on Count 30, whether pursuant to the First or Second Judgment, included a term of probation. It is the duty of this Court to give effect to this mandate. *See Stark v. Advanced Magnetics, Inc.,* 894 F.Supp. 555, 557 (D.Mass.1995).

■ Moreover, there was no infirmity in this Court's imposition of the Second Judgment, the terms of which are consistent with the subsequent mandate of the Court of Appeals. Realizing the lack of an explicit imposition of probation in lieu of the Count 30 suspended sentence in the First Judgment, the Court *sua sponte* issued the Second Judgment containing just such a provision to avoid confusion. The Court's action was authorized under the version of Rule 35(a) applicable to this case, see footnote 1, *supra,* allowing the Court to correct an improper sentence at any time. *See United States v. De Los Santos–Himitola,* 924 F.2d 380, 382 (1st Cir.1991). Nor was the defendant's presence required under Fed.R.Crim.P. 43 because the Second Judgment merely corrected a legal error and actually reduced the severity of the sentence by eliminating the second five-year term of probation. *See id.* at 382–83 (no point in ordering sentencing hearing where defendants accorded right to be present and make known their views on same sentence at earlier hearing; Rule 43 does not "command[ ] an empty ritual").

■ Finally, this Court was not without jurisdiction to enter the Second Judgment due to the prior filing of Lilly's notices of appeal. Although as a general rule the filing of such a notice "divests the district court of jurisdiction to adjudicate any matters related

to the appeal," *United States v. Hurley,* 63 F.3d 1, 23 (1st Cir.1995) (quoting United States v. Distasio, 820 F.2d 20, 23 [1st Cir. 1987] ), the authority for the Court's action, Rule 35(a), states without qualification that a sentence may be corrected *"at any time."* [2] Thus, the Court retained jurisdiction despite the pendency of the appeal to make such corrections. *See United States v. Ortega,* 859 F.2d 327, 333–35 (5th Cir.1988), *cert. denied,* 489 U.S. 1027, 109 S.Ct. 1157, 103 L.Ed.2d 216 (1989) (court had jurisdiction to correct sentence from that imposed to that required by statute under Rule 35[a] even though appeal pending); *Doyle v. United States,* 721 F.2d 1195, 1197–98 (9th Cir.1983) (same); *United States v. Schiffer,* 351 F.2d 91, 96 (6th Cir.1965), *cert. denied,* 384 U.S. 1003, 86 S.Ct. 1914, 16 L.Ed.2d 1017 (1966) (jurisdiction retained after appeal to correct illegal sentence). *But see United States v. Ransom,* 866 F.2d 574, 575–76 (2d Cir.1989) (per curiam) (declining to follow *Doyle* and refusing to permit any substantive modification of judgments, even those beneficial to appellant, after filing of notice of appeal). Furthermore, the divestiture of jurisdiction rule is not absolute: "even after the appeal is filed the district court retains authority to decide *matters not inconsistent with the pendency of the appeal." Hurley,* 63 F.3d at 23. Rather, the rule has prudential and efficiency dimensions and does not require the empty, formalistic gesture of forcing the district court to await direction from the Court of Appeals to do exactly what it has already done. *See United States v. Devaney,* 46 F.3d 1114 (1st Cir.1995) (per curiam) (approving district court's denial of motion despite pendency of appeal where no substantial question presented); *United States v. Connell,* 6 F.3d 27, 29 n. 3 (1st Cir.1993) (despite jurisdictional doubts, Court of Appeals may act on ground no substantial question presented); *United States v. Morin,* 889 F.2d 328, 331 (1st Cir.1989) (allowing district court to deny motion for reconsideration despite pendency

of appeal, as remand would waste judicial resources); *see also Ortega,* 859 F.2d at 334 (divestiture a "judicially created prudential principle" designed to avoid confusion and waste, and should not be employed to induce "needless paper shuffling"); *Doyle,* 721 F.2d at 1198 (policy against confusion and waste creates exception to general divestiture rule where trial court "did exactly what the court of appeals would have directed"). Simply put, the First Judgment did not (explicitly) comply with the requirements of section 3651, and therefore the Court retained jurisdiction to correct the sentence if and to the extent it constituted legal error.

As noted, the Third Judgment, entered pursuant to the mandate of the Court of Appeals, imposes a five-year term of imprisonment on Count 1, a five-year suspended sentence on Count 30, restitution, and special conditions of probation. It does not explicitly sentence Lilly to probation in lieu of the suspended sentence on Count 30.[3] Lilly accurately identifies the general rule that a judgment purporting to suspend sentence without imposing probation is a nullity. *See Miller v. Aderhold,* 288 U.S. 206, 210–11, 53 S.Ct. 325, 326, 77 L.Ed. 702 (1933) (unlawful order permanently suspending sentence is "a mere nullity without force or effect, as though no order at all had been made; and the case necessarily remains pending until lawfully disposed of by sentence"); *Elkin,* 731 F.2d at 1010–11 (suspended sentence without probation a nullity). Here, however, there is far more than a bare imposition of a suspended sentence without probation. There are, in addition, the conditions of probation ordered by the Court in the second paragraph of the Third Judgment. Viewed in conjunction with the extensive prior proceedings and the mandate of the Court of Appeals, the Third Judgment by clear inference lawfully sentenced Lilly to a five-year term of probation on Count 30 in lieu of the suspended sentence. *Cf. McHugh,* 230 F.2d at 255 (in reverse situation, where district

---

2. This case is therefore distinguishable from *Distasio,* in which the Court of Appeals held that the district court was without jurisdiction to decide a motion for reduction of sentence filed by the defendant under Fed.R.Crim.P. 35(b) after notice of appeal.

3. The Court notes, as it must, that its judgments in this case have not been models of clarity, and for that it takes full responsibility. However, they were sufficiently clear, in the context in which they were rendered, to justify the action the Court takes herein.

court ordered probation without suspending sentence, the First Circuit stated, "we think that precise language in the judgment, though much to be desired, is not absolutely essential, and that under certain conditions *an intent to suspend sentence may be inferred from the general import of the judgment*") (emphasis supplied); *see also Makres,* 851 F.2d at 1019 (suspension of sentence may be implicit in judgment); *United States v. Raftis,* 427 F.2d 1145, 1146 (8th Cir.1970) (per curiam) (where trial court failed expressly to suspend sentence, intent to suspend "flows from the language" of the sentence and "impreciseness of language will not negate the court's obvious intent").[4]

## IV. Restitution

Lilly also attacks the restitution order, consistent in all three judgments, on three grounds: 1) there was no finding regarding the portion of the loss to the defrauded bank caused directly by Lilly; 2) there was no finding regarding Lilly's ability to pay the $5,000,000; and 3) the Court improperly delegated power to the Probation Officer to make decisions regarding the timing of the restitution payment. None of these contentions affords sufficient grounds for relief.

■ At sentencing, the Government sought restitution equal to the difference between the amounts in default on the bank's loans and the reduced value of its collateral. This figure properly represented "the loss caused by the conduct underlying the offense of conviction," see *Hughey v. United States,* 495 U.S. 411, 420, 110 S.Ct. 1979, 1984, 109 L.Ed.2d 408 (1990); *United States v. Cronin,* 990 F.2d 663, 666 (1st Cir.1993), and was therefore accepted and imposed by the Court as the appropriate amount of restitution.

■ Contrary to Lilly's assertion, the Court is not required to make a determination that he is able to pay the full amount of restitution before such an order may be made. *United States v. Lombardi,* 5 F.3d 568, 572–73 (1st Cir.1993) (district court not required to make explicit findings of defendant's financial condition); *United States v. Savoie,* 985 F.2d 612, 618 (1st Cir.1993) (no need to make open-court findings). Nor must there exist a record basis for an affirmative finding that Lilly has the current ability, or is likely to have the future ability, to fulfill his restitution obligation. *Lombardi,* 5 F.3d at 572–73; *see also United States v. Brandon,* 17 F.3d 409, 461 (1st Cir.1994) (determination of defendant's indigency independent of and does not effect $500,000 restitution order). The Court's review of and reliance upon the presentence report, which detailed Lilly's financial condition, fulfilled its statutory duty to "consider ... the financial resources of the defendant," see 18 U.S.C.A. § 3664(a) (West 1985), and furnished the Court with sufficient basis to impose the order of restitution. *See Savoie,* 985 F.2d at 618–19.

■ Finally, the order that Lilly make restitution "as directed by the Chief U.S. Probation Officer" did not impermissibly delegate authority to the probation department to make decisions regarding the amount of restitution or the establishment of a payment schedule. *See, e.g., United States v. Porter,* 41 F.3d 68, 69, 71 (2d Cir.1994) (court improperly ordered that "discretion will be given to the probation office to set a schedule of repayment"); *United States v. Ahmad,* 2 F.3d 245, 248–49 (7th Cir.1993) (court improperly ordered payment "in installments in such amounts at the discretion of the probation officer"). The Court is not required to

---

**4.** Even if this were not the case, the most to which Lilly would be entitled is resentencing. *See Elkin,* 731 F.2d at 1011 (judgment vacated and matter remanded for imposition of valid sentence). Such resentence could properly include a term of probation in lieu of the suspended sentence on Count 30 given the mandate of the Court of Appeals and the Court's determinations above with respect to the validity of the Second Judgment. *See Lilly,* 983 F.2d at 306. For those reasons, Lilly's contention that the Court may not now impose any term of proba-

tion because probation was imposed in the First Judgment only on the counts later vacated, and his reliance on *Pugliese v. United States,* 353 F.2d 514 (1st Cir.1965) and *United States v. Henry,* 709 F.2d 298 (5th Cir.1983) (en banc), is without merit. *See also United States v. Pimienta–Redondo,* 874 F.2d 9, 16 (1st Cir.), *cert. denied,* 493 U.S. 890, 110 S.Ct. 233, 107 L.Ed.2d 185 (1989) (defendant "has no legitimate expectation of finality in the original sentences when he has placed those sentence[s] in issue by direct appeal and has not completed serving a valid sentence").

establish a payment schedule, but rather, may specify the "amount of restitution, without elaboration," and condition probation on payment. *See Ahmad,* 2 F.3d at 249. When it has done so,

> the probation officer will assess the defendant's progress toward satisfaction of the debt, and if the defendant is not paying what he can the probation officer will ask the judge to revoke or alter the terms of. release. Then the judge may make the order more specific or, if the defendant has not paid what he could in good faith, may send him back to prison. Everything works nicely without any effort to establish installments on the date of sentencing and without delegating a judicial function to the probation officer.

*Id.* Such is the case here. The Court's order here merely and appropriately acknowledges the probation department's responsibility to ensure Lilly's compliance, and does not authorize it to make any decisions which are properly the Court's.

## V. Conclusion

Lilly is not entitled to have any portion of his sentence revisited, and he remains subject to the judgment entered against him on February 18, 1993 pursuant to the mandate of the Court of Appeals. That judgment includes a five-year term of probation in lieu of the suspended sentence imposed on Count 30 from and after the sentence of incarceration imposed on Count 1. Lilly must make restitution and satisfy the conditions of probation as detailed in that judgment.