USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2191 UNITED STATES OF AMERICA, Appellee, v. WILLIAM W. LILLY, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Morris M. Goldings with whom Richard S. Jacobs and Mahoney, ____________________ ___________________ ________ Hawkes & Goldings were on briefs for appellant. _________________ John J. Falvey, Jr., Assistant United States Attorney, with whom ____________________ Donald K. Stern, United States Attorney, was on brief for the United _______________ States. ____________________ April 3, 1996 ____________________ BOUDIN, Circuit Judge. William Lilly appeals the denial _____________ of his motion in the district court, brought under 28 U.S.C. 2255 and the prior version of Fed. R. Crim P. 35(a), seeking relief as to sentence.1 In substance, Lilly asks both for resentencing and for a determination that no term of probation may be imposed upon him. He also challenges a restitution order that is part of his present sentence. The facts are set forth in detail in Judge Young's thorough opinion in United States v. Lilly, 901 F. Supp. 25 (D. Mass. _____________ _____ 1995), and we limit ourselves to a brief summary. Lilly was indicted in 1990 on 30 counts of bank fraud. Four charges were later dropped, but he was convicted by a jury on the remaining 26 counts. This was a pre-guidelines case, and in November 1991, Lilly was sentenced to five years in prison on count 1, to be followed by concurrent five-year suspended sentences on counts 2-7 and 12-29 accompanied by five years' probation, and by a five-year suspended sentence on count 30 consecutive to the other suspended sentences. He was ordered to pay $5,071,751.59 in restitution. Nearly two months later, and after Lilly had noticed an appeal, the trial judge realized that a probation term required by law had not been imposed on count 30. On  ____________________ 1Former Rule 35(a) permitted the court to correct an "illegal sentence" at any time and continues to apply to Lilly's sentence because his offenses were committed prior to November 1, 1987. -2- -2- December 30, 1991, he issued a second judgment sua sponte, ___ ______ which differed from the first judgment in two respects: it made all of the suspended sentences run concurrently, and it explicitly imposed five years' probation on count 30. Under this second judgment, Lilly's effective sentence was five years' imprisonment to be followed by a suspended sentence and five years' probation. Lilly's initial appeal from his convictions, argued before this court in 1992, did not challenge his sentence. Instead, he claimed that the indictment was multiplicitous in treating as individual offenses the various frauds charged under counts 1-29 against First Mutual Bank of Boston. That argument proved successful and, in December 1992, this court vacated his convictions on counts 2-7 and 12-29. United ______ States v. Lilly, 983 F.2d 300 (1st Cir. 1992). ______ _____ However, this court also found that the multiplicity did not impair the convictions on counts 1 and 30 and it affirmed both convictions. Lilly, 983 F.2d at 306. Count 1 covered _____ the execution of the scheme to defraud directed at First Mutual as to which counts 2-7 and 12-29 were multiplicitous; count 30 involved execution of a separate scheme directed against another bank and was unaffected by the multiplicity ruling. This court remanded for entry of a revised judgment, noting that a new sentencing proceeding was not required. -3- -3- In February 1993, the district judge entered a new judgment on remand, representing the third judgment in this case. In this third judgment, the court gave Lilly five years in prison on count 1; on count 30, the court gave Lilly a five year suspended sentence to run after the term of imprisonment imposed on count 1 and again ordered restitution of $5,071,751.59. The judgment referred to certain conditions of probation, but in another apparent oversight did not specify any probation term for count 30. Lilly did not appeal this third judgment. In February 1995, Lilly filed a motion to vacate his sentence, pursuant to 28 U.S.C. 2255 and former Rule 35(a). The district court treated the motion as one properly brought under former Rule 35(a) to correct an illegal sentence but denied it on the merits. On appeal, the government is content to assume arguendo that the merits are properly ________ presented under former Rule 35(a), although it notes its reservations as to Lilly's attack on the restitution order. The essence of Lilly's argument as to probation is this: the first and third judgments did not sentence him to probation on count 30, and the second judgment, which purported to do so was without effect because it was entered in his absence and after he filed his notice of appeal. Lilly says that, at minimum, the third judgment is unclear as to probation and entitles him to resentencing. He further -4- -4- asserts that because probation was not imposed on count 30 in the first judgment, the district court cannot now add it upon resentencing without impermissibly increasing his sentence. The problem here is more complicated than difficult, and responds quickly to the application of common sense. The first question is one of interpreting the prevailing third judgment entered in February 1993; we must parse it to decide whether it should be read to incorporate a five-year term of probation, which the government claims is implicit. The second question concerns the validity of the judgment, if so read, as against Lilly's claim that such a reading would unlawfully increase his sentence. The parties agree that the applicable probation statute, 18 U.S.C. 3651 (since repealed), requires that a probation period accompany any suspended sentence; this is a reading not obvious from the statutory language but supported by the cases and various policy considerations. Miller v. Aderhold, ______ ________ 288 U.S. 206, 210-11 (1933) (decided under predecessor to section 3651); United States v. Elkin, 731 F.2d 1005, 1010 ______________ _____ (2d Cir.), cert. denied, 469 U.S. 822 (1984). The first _____ ______ judgment failed to specify a probation term on count 30, but the second judgment swiftly corrected the error. Therefore, when the case came up on appeal from the convictions in 1992, the then-existing (second) judgment reflected a five-year term of probation on count 30, which -5- -5- went unchallenged on the appeal. In affirming the convictions on counts 1 and 30, this court specifically said that no resentencing proceeding was required. Lilly, 983 _____ F.2d at 306. In the new third judgment entered on remand, the sentences on counts 1 and 30 mirrored those imposed on counts 1 and 30 in the second judgment, save that (as in the first judgment) the district court again overlooked the need to refer specifically to probation in count 30. We say "overlooked" because in our minds it is evident that the district court intended count 30 to include a term of probation, as the law requires, and intended it to be five years. Both the first and second judgments provided for five years' imprisonment followed by five years of probation. Since the multiplicity determination did not alter the substance of Lilly's misconduct, there was no reason why the reduction in counts should have been expected to alter the total sentence.2 Indeed, that is why we did not require a new sentencing proceeding. In addition, the third judgment expressly included conditions of probation, conditions that would have been  ____________________ 2Lilly had secured a single large bank loan to buy an apartment complex (submitting in support mortgage documents for individual apartments units) containing false representations. Although the original indictment treated each apartment mortgage as a separate fraud count, this court viewed the loan application to the bank as comprising the execution of a single scheme to defraud. Lilly, 983 F.2d at _____ 303. -6- -6- pointless without probation and signaled an intent that probation be served. In these circumstances, and given that probation was legally required for a suspended sentence and had in fact been imposed on count 30 in the second judgment, it is patent to us that the district court intended to reimpose the same probation requirement in the third judgment. Finally, if we were in the slightest doubt about the district court's intention, the doubt is clearly dispelled by the district court's recent decision in the Rule 35(a) proceeding where it explained its intent as to probation. Lilly, 901 F.Supp. at 29. The district court's opinion makes _____ it perfectly clear that, whatever wording was overlooked, the court intended in its third judgment--and its first as well-- to impose probation on count 30. A remand to clarify a supposed "ambiguity" would be an errant waste of time. Lilly knows full well that this is so, and the real thrust of his objection is that the district court lawfully could not when imposing the third judgment, or in any new _____ ___ __ remand we might now order, add a term of probation to count 30. Lilly's reason is that probation was not included in count 30 of the first judgment and would therefore enlarge the original sentence long after its imposition. Lilly thinks, quite mistakenly, that courts are automatically -7- -7- forbidden from increasing sentences after they have been imposed. The law on enlargement of sentences after their first imposition is in fact complex. There are constitutional limitations and issues of authority independent of the Constitution, but there is no automatic bar to an increase in _________ all circumstances. See generally Bozza v. United States, 330 _____________ _____ _____________ U.S. 160, 165-67 (1947); DeWitt v. Ventetoulo, 6 F.3d 32, 34 ______ __________ n.3 (1st Cir. 1993) (collecting cases), cert. denied, 114 S. _____ ______ Ct. 1542 (1994). But the complexities need not be plumbed in this case because there is no enlargement even if we assume that count 30 did not incorporate a term of probation. In practical terms, the present judgment does not ___ enlarge the overall sentence originally imposed for Lilly's misconduct. As already noted, in the first judgment the explicit sentence for the package of counts included five years' imprisonment followed by a suspended sentence and five years' probation. That is also the sentence under the third judgment if read to incorporate five years' probation. The number of counts fell but the underlying misconduct remained the same. See United States v. Pimienta-Redondo, 874 F.2d 9, ___ _____________ ________________ 16-17 (1st Cir.) (en banc), cert. denied, 493 U.S. 890 __ ____ _____ ______ (1989). Lilly's remaining claims relate to the restitution order. Lilly asserts that the district court miscalculated -8- -8- the loss figures used to determine the amount of restitution and failed to make express findings to confirm Lilly's ability to pay restitution. Independently, Lilly argues that the restitution order is illegal because the district court delegated to the probation officer the authority to determine when Lilly was obliged to make installment payments. Former Rule 35(a) permits a challenge to an "illegal sentence" and it is questionable whether all of Lilly's attacks on the restitution order, even if sound, would render the restitution order "illegal." One might think that the first two are fairly routine claims of mistake that are not fundamental infirmities and do not make the sentence "illegal." As for the third, Lilly has a somewhat more plausible claim that improper delegation would render the order "illegal" on its face. Cf. United States v. Ahmad, 2 ___ _____________ _____ F.3d 245, 248-49 (7th Cir. 1993). The case law under former Rule 35(a) reflects varying definitions of "illegality" and some disagreement as to what makes a sentence "illegal." Compare, e.g., United States v. _______ ____ _____________ Padgett, 892 F.2d 445 (6th Cir. 1989), with United States v. _______ ____ _____________ Celani, 898 F.2d 543 (7th Cir. 1990). There is little First ______ Circuit law on the subject. However, without deciding the jurisdictional issue, we are entitled to affirm on the merits where this will save time, United States v. Connell, 6 F.3d _____________ _______ 27, 29 n.3 (1st Cir. 1993), and that course is doubly -9- -9- appropriate here since former Rule 35(a) is a subject of diminishing importance. Lilly first says the restitution order was not based on a proper theory of loss. His argument appears to be that the district court attributed to him much or all of the losses suffered by the First Mutual Bank when it subsequently collapsed, despite the court's finding that Lilly's frauds were only a contributing factor in the bank's demise. But it is evident from the sentencing colloquy and the restitution amount that the court did not rely on this more speculative bank-collapse theory. Instead, the district judge figured losses by looking at Lilly's specific transactions with the bank. As detailed in the government's sentencing memorandum and discussed by Lilly's counsel at the sentencing hearing, the restitution total reflected the difference between the amounts in default on the mortgages that Lilly sold to the bank and the lesser appraised value of the properties held as collateral. Lilly is correct that the calculations relied to some extent on estimates of property values, but this does not preclude restitution where, as here, a reasonable approximation can be made. United States v. Savoie, 985 F.2d _____________ ______ 612, 617 (1st Cir. 1993).  Lilly also asserts the trial judge did not make adequate findings regarding his ability to pay the ordered -10- -10- restitution. His theory is that because the statute requires the court to consider ability to pay, 18 U.S.C. 3664(a), ________ the restitution order is invalid if no findings of ability are made on the record. Although this view prevails in some circuits, we have held that the statutory obligation--not very demanding by its own terms--does not require express record findings and generally is satisfied where, as here, the court relies on a presentence report detailing the defendant's financial condition. Savoie, 985 F.2d at 618-19. ______ Nor does the statute require a record basis for finding that a defendant can presently pay restitution. The prospect of future income is sufficient. United States v. Newman, 49 _____________ ______ F.3d 1, 10-11 (1st Cir. 1995). Lilly does not attempt to argue that no such likelihood exists, so we reserve for another occasion the question of what circumstance, if any, would preclude a district court from ordering restitution based on prospective income.  Lilly's third claim is that the district court improperly delegated authority to the probation officer to set a payment schedule. Several circuit courts have held that the responsibility for deciding when payments must be made inheres in the district court, and that it would be improper for the court to delegate this authority to a probation officer. E.g., United States v. Porter, 41 F.3d ____ ______________ ______ 68, 71 (2d Cir. 1994); Ahmad, 2 F.3d at 248-49. Lilly's _____ -11- -11- claim turns on the cryptic statement in the third judgment that Lilly make restitution "as directed" by the probation officer.  Whatever ambiguity may have existed has been removed by Judge Young's recent opinion which makes clear that the third judgment does not give the probation officer authority to set a binding payment schedule. Lilly, 901 F. Supp. at 32. _____ Rather, it is Judge Young's intention that Lilly be supervised by the probation officer to ensure good faith compliance; and if any question arises as to whether Lilly is complying, it will be resolved by the district court. This limited role has been approved by other circuits, e.g., ____ Ahmad, 2 F.3d at 249, and is a reasonable enlistment of the _____ probation officer's services. Affirmed. ________ -12- -12-