Raineri, Bruce v. USA            CV-96-39-SD    07/11/96

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Bruce T. Raineri

    v.                                           Civil No. 96-39-SD

United States of America


O R D E R


Bruce Raineri has moved pro se for correction of his criminal sentence.  28 U.S.C. § 2255.[1]  For reasons hereinafter outlined, his motion must be denied.[2]


1.  Background

Mr. Raineri was indicted in April 1992, together with five codefendants.  The three counts charging him related to his

---

[1]The motion invokes the provisions of Rule 35, Federal Rules of Criminal Procedure, which concerns correction of sentence, and Rule 33, which concerns a new trial.  While former Rule 35 (applicable only to offenses committed prior to November 1, 1987) overlapped somewhat with 28 U.S.C. § 2255, United States v. Lilly, 901 F. Supp. 25, 28-29 (D. Mass. 1995), aff'd, 80 F.3d 24 (1st Cir. 1996), its current version is not applicable to the circumstances of this case.  And Rule 33 is similarly not applicable, as sentence was herein imposed following a plea of guilt rather than any trial.  Accordingly, the court has treated this matter as a claim for relief pursuant to 28 U.S.C. § 2255.

[2]The court finds that movant's request for appointment of counsel and his motion for summary judgment must also be denied.

participation in a summer 1991 armed robbery of the home of one Fitzpatrick, a grocery store owner.

Of the three counts naming movant, that here relevant is Count 24. Count 24 charged Raineri and others with violation of 18 U.S.C. § 924(c)(1), a statute which, inter alia, penalizes one who "during and in relation to any crime of violence . . . uses or carries a firearm."[3]

On June 17, 1992, movant, pursuant to a plea agreement, entered pleas of guilty to all charges against him.[4] On September 27, 1993, the court convened a sentencing hearing.

At the sentencing hearing, movant and his brother, Brian Raineri, each testified that they had brought no firearms with

---

[3]Count 24 also charged the defendants named therein with aiding and abetting the principal offense in violation of 18 U.S.C. § 2.

[4]On October 2, 1992, shortly before commencement of trial of Raineri's three remaining codefendants, he moved to withdraw his guilty pleas. Following hearing, this motion was denied on October 5, 1992.

In March 1993, new counsel for movant filed further motions seeking withdrawal of his guilty pleas. Following evidentiary hearing held on April 15, 1993, these motions were also denied, although the court granted the government's motion to dismiss, under Federal Rule of Criminal Procedure 48(a), Count 28 of the indictment. Count 28 had charged movant with possession of firearms after having previously been convicted for a crime punishable by more than one year's imprisonment in violation of 18 U.S.C. §§ 922(g), 924(e)(1).

2

them at the time of the Fitzpatrick robbery.[5] The government produced evidence that at the time of the Fitzpatrick robbery the Raineri brothers had removed a rifle and shotgun from their van to a vehicle operated by one Thomas McQueeney. McQueeney then drove this vehicle to the area of the Fitzpatrick home.

McQueeney had testified to these circumstances at the trial of certain of movant's codefendants, and the court, having presided at said trial, found his evidence to be more credible than that of the Raineri brothers with respect to the firearm charges. Accordingly, the court imposed a sentence on movant which included, inter alia, the mandatory consecutive 60-month sentence required by the provisions of 18 U.S.C. § 924(c)(1). This sentence was largely affirmed on appeal. United States v. Bruce Raineri, 42 F.3d 36 (1st Cir. 1994), cert. denied, ___ U.S. ___, 115 S. Ct. 2286 (1995).[6]

---

[5]Movant had however earlier advised law enforcement agents at a debriefing that he was unsure of this, as he carried a .22 caliber rifle in his van for protection on other occasions. Brian Raineri also testified that a rifle was kept in the van on other occasions.

[6]Because the dismissal of Count 28, supra note 4, had not been stated to be "with prejudice", the court of appeals remanded to permit the government to elect either such a dismissal with prejudice or to permit vacation of the guilty pleas and to seek reindictment of movant on Count 28. The government elected and the court ordered the dismissal of Count 28 with prejudice.

## 2. Discussion

On December 6, 1995, the Supreme Court decided the case of _Bailey v. United States_, ___ U.S. ___, 116 S. Ct. 501, which holds that the "use" prong of 18 U.S.C. § 924(c)(1) requires proof "that the defendant actively employed the firearm during and in relation to the predicate crime." _Id._ at 509. Raineri here invokes _Bailey_, claiming that his section 924(c)(1) sentence must be vacated.

While this argument is valid as to the "use" prong of section 924(c)(1), it overlooks the clear distinction made in _Bailey_ between the "use" and "carry" prongs of the statute. "The 'carry' prong of § 924(c)(1) . . . brings some offenders who would not satisfy the 'use' prong within the reach of the statute." _Bailey_, _supra_, 116 S. Ct. at 509.[7]

And the "carry" prong of section 924(c)(1) is satisfied where, as is here the case, the firearms at issue were "moved" or "brought along to another place", _United States v. Ramirez-Ferrer_, 82 F.3d 1149, 1152 (1st Cir. 1996), "in relation to" the predicate crime, _United States v. Manning_, 79 F.3d 212, 216 (1st Cir. 1996). Moreover, a defendant charged under 18 U.S.C. § 2

---

[7]Indeed, the Court remanded _Bailey_ and its companion case, _Robinson v. United States_, ___ U.S. ___, 115 S. Ct. 1997 (1995), for consideration of the liability of the defendants under the "carry" prong of section 924(c)(1). _Bailey_, 116 S. Ct. at 509.

4

with aiding and abetting the "carrying offense" is subject to conviction if one defendant is found to have carried a firearm in violation of section 924(c)(1) and the evidence is sufficient to a jury to infer that the other defendant aided and abetted this conduct. Ramirez-Ferrer, supra, 82 F.3d at 527; United States v. Bennett, 75 F.3d 40, 45 (1st Cir. 1996).

In short, there was ample credible evidence from the trial testimony of McQueeney to establish movant's guilt, in relation to the Fitzpatrick incident, of the offense of carrying a firearm in violation of 18 U.S.C. § 924(c)(1).

3. Conclusion

Review of the motion, files, and records of this case conclusively demonstrates that Bruce Raineri is not entitled to the relief sought in his motion. 28 U.S.C. § 2255; Lema v. United States, 987 F.2d 48, 51-52 (1st Cir. 1993). The motion is accordingly denied, and the clerk is directed to close the case.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

July 11, 1996
cc: United States Attorney
    United States Marshal
    United States Probation
    Bruce T. Raineri, pro se

5