Paul Edward **AUBIN**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

Civil Action No. 96–10945–REK.

United States District Court,
D. Massachusetts.

Oct. 29, 1996.

Paul Edward Aubin, Ray Brook, NY, pro se.

## Memorandum and Order

KEETON, District Judge.

### I.

Petitioner was found guilty of armed bank robbery by a jury. This court sentenced him to serve 97 months and to pay restitution in the amount of $144,933.00. He is currently serving the sentence of confinement. He appealed to the First Circuit, which rejected the argument that the Petitioner's counsel was ineffective. The Petitioner also argued to the First Circuit that the sentencing court had unlawfully delegated its authority by giving the chief probation officer the right to establish an installment schedule of payments to be applied toward court-ordered restitution. The First Circuit affirmed the district court's decision "without prejudice to appellant filing a § 2255 petition in the dis-

trict court squarely presenting the excessive delegation issue." *Aubin v. United States,* No. 95–1630 (1st Cir. Nov. 28, 1995). The Petitioner now requests relief under 28 U.S.C. § 2255.

### II.

The Petitioner bases his contention of improper delegation on the language that appears in the Judgment regarding the defendant's payment of restitution as a condition of supervised release. (*United States of America v. Aubin,* Criminal Case 90–10244–01–K.) The language to which Petitioner objects reads as follows:

> Restitution shall be paid: in installments according to the following schedule of payments: If restitution has not been paid in full before the term of supervised release commences, *payments shall be made at such times and in such amounts as are determined by the Chief U.S. Probation Officer.*

*Id.* (emphasis added). The Petitioner argues that, in this provision, "the court delegated his judicial authority to the chief probation officer to determine the installment scheduling and amounts of each payment toward Petitioner's restitution order." (Motion to Vacate, Set Aside or Correct Judgment under 28 U.S.C. § 2255, Docket No. 1, p. 5.)

The government does not oppose Petitioner's contention that the restitutionary portion of the judgment should be rephrased to preclude any possible interpretation as an unlawful delegation of sentencing authority. (Response of the Government to Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Judgment, Docket No. 8, p. 1). Instead, the government acquiesces in the issuance of an amended judgment as long as it says that the restitution be:

> due in full immediately, and that if restitution has not been paid in full before the term of supervised release commences, payments shall be made in accordance with a payment schedule established by the Court, upon the recommendation of the Chief U.S. Probation Officer, such payment schedule to be amended if appropri-

ate during the term of supervised release in the same manner.

(Docket No. 8, p. 3.)

■ As the First Circuit noted in its opinion on the Petitioner's appeal, the issue concerning what constitutes improper delegation of judicial authority for restitution decisions "is one on which circuit courts appear to disagree." *Aubin v. United States,* No. 95–1630 (1st Cir. Nov. 28, 1995). The basic point is that the imposition of a sentence, including determination of conditions of supervised release, is a core judicial function, the delegation of which may be limited by Art. III of the Constitution. *See United States v. Johnson,* 48 F.3d 806, 808–9 (4th Cir.1995).

■ This general rule of law does not, however, prohibit a court from using a non-judicial officer to support judicial functions, as long as a judicial officer retains and exercises responsibility over the ultimate decisions. *Id.* The district court has the statutory authority to resolve any dispute as to the proper amount of restitution and to require payment within a specific period or in specified installments (as long as order is otherwise lawful and the date of any payment is not later than five years after the end of a period of imprisonment.) 18 U.S.C. §§ 3664(d) & 3663(f)(2)(B). The role of the probation office is to supervise the order of restitution entered by the court to the extent provided by statute or ordered by the court. *See* 18 U.S.C. § 3603; *United States v. Johnson,* 48 F.3d 806, 807 (4th Cir.1995).

When the court does not have before it satisfactory evidence regarding a defendant's existing resources and resources that may become available to the defendant during the period of imprisonment and the five years thereafter (during part or all of which the defendant may be on supervised release), the court may not be able to fashion at the time of sentencing an appropriate order that rigidly defines an appropriate schedule of installment payments. The court may instead issue an order under which it reserves authority to determine at a later time the precise schedule of payments, and under which it may receive and consider a recommendation made by a probation officer who is supervising the defendant (after the period of supervised release commences) and can inform the court of the defendant's earnings, resources, and necessities.

■ The Petitioner correctly notes that, after the sentencing decision in this case, reported judicial decisions have been handed down in the First Circuit and elsewhere that provide added guidance that this court should now take into account. If this court's sentence had been one giving unbridled discretion to a probation officer to set the amount, schedule, or manner of restitution, it would have been inappropriate under these precedents. *United States v. Johnson,* 48 F.3d 806, 809 (4th Cir.1995); *United States v. Lindo,* 52 F.3d 106, 107–08 (6th Cir.1995); *United States v. Mohammad,* 53 F.3d 1426, 1439 (7th Cir.1995); *United States v. Porter,* 41 F.3d 68, 71 (2d Cir.1994); *United States v. Albro,* 32 F.3d 173, 174 (5th Cir.1994). *But compare United States v. Barany,* 884 F.2d 1255, 1260 (9th Cir.1989); *cert. denied,* 493 U.S. 1034, 110 S.Ct. 755, 107 L.Ed.2d 771 (1990) (holding that a judge may properly delegate some decision making authority to a probation officer).

■ To make clear that this court's order regarding restitution is not one delegating unbridled discretion to a probation officer, the court will now grant Petitioner's request to the extent explained below.

The most sensible resolution of this matter, I conclude, is one of the type described by the First Circuit in the recent case of *United States v. Lilly,* 80 F.3d 24, 29 (1st Cir.1996). That case was argued and decided after the First Circuit affirmed Petitioner's sentence in this case. The petitioner in *Lilly* was situated similarly to the defendant in the case now before this court. Lilly filed a § 2255 motion in District Court after being ordered, as part of his sentence, to make restitution. *United States v. Lilly,* 901 F.Supp. 25, 27 (D.Mass.1995). The sentencing court had ordered Lilly to make restitution "as directed by the Chief U.S. Probation Officer." Judge Young of this court, reviewing the § 2255 motion, held that this order:

[D]id not impermissibly delegate authority to the probation department to make deci-

sions regarding the amount of restitution or the establishment of a payment system. The Court is not required to establish a payment schedule, but rather, may specify the 'amount of restitution, without elaboration' and condition probation on payment. When it has done so, the probation officer will assess the defendant's progress toward satisfaction of the debt, and if the defendant is not paying what he can the probation officer will ask the judge to revoke or alter the terms of release. Then the judge may make the order more specific or, if the defendant has not paid what he could in good faith, may send him back to prison. Everything works nicely without any effort to establish installments on the date of sentencing and without delegating a judicial function to the probation officer. Such is the case here. The Court's order here merely and appropriately acknowledges the probation department's responsibility to ensure Lilly's compliance, and does not authorize it to make any decisions which are properly the Court's.

*Id.* at 31–32 (*quoting United States v. Ahmad,* 2 F.3d 245, 249 (7th Cir.1993) (citations omitted)).

The First Circuit accepted Judge Young's conclusion. *Lilly,* 80 F.3d at 29. The First Circuit acknowledged that other circuit courts have held that the responsibility for deciding when payments must be made inheres in the district court. *Id.* In the case before them, however, the First Circuit noted that Lilly's claim turned on the "cryptic statement" that Lilly make restitution "as directed" by the probation officer. *Id.* This general language was not enough to justify the conclusion that the district court had improperly delegated its authority. *Id.* Rather, the First Circuit held that the district court intended:

Lilly be supervised by the probation officer to ensure good faith compliance; and if any question arises as to whether Lilly is complying, it will be resolved by the district court. This limited role has been approved by other circuits ... and is a reasonable enlistment of the probation officer's services.

*Id.* (citations omitted). The First Circuit further noted that this conclusion was fortified by the district court's opinion, which made clear that the restitutionary judgment does not give the probation officer authority to set a binding payment schedule. *Id.*

As in *Lilly,* the manifested objective of the provisions regarding restitution in this court's sentence was to specify the amount of restitution and make payment on an appropriate schedule a condition of supervised release. The probation officer is to assess the defendant's progress toward satisfaction and if the Petitioner is not complying, or if there is a need for modification of the court's order, the probation officer is to bring the noncompliance to the attention of the court.

The clarification of the provisions on this subject in the Judgment in the criminal case, as phrased in the Order below, is designed to accomplish this purpose. In all other respects, the sentence will remain in effect as originally ordered.

## ORDER

For the foregoing reasons, it is ORDERED:

The Clerk is directed forthwith to enter on a separate document a Final Judgment in this Civil Action as follows:

### Final Judgment
### Amended Judgment
### as to Special Condition on Supervised Release
### in
### United States v. Paul Edward Aubin
### Criminal No. 90–10244–01–K

If restitution has not been paid in full before commencement of the period of supervised release, defendant must satisfy the remaining restitutional obligation during the period of supervised release, and may do so in installments. The Chief Probation Officer will supervise and assess the defendant's progress toward satisfaction of this obligation and bring to the court's attention any default of the defendant or

cause for modification of the court's order regarding restitution.