101 F.3d 680
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Norman L. BROOKS, Defendant, Appellant.
 No. 96-1533.
 United States Court of Appeals, First Circuit.
 Dec. 3, 1996.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Paul J. Barbadoro, U.S. District Judge]
 Richard F. Monteith, Jr. on brief for appellant.
 Paul M. Gagnon, United States Attorney, and Peter E. Papps, First Assistant United States Attorney, on brief for appellee.
 D.N.H.
 AFFIRMED.
 Before SELYA, BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Norman L. Brooks appeals from his sentence on the sole ground that the district court, in fashioning the restitution order, did not take adequate account of his ability to pay. Brooks concedes that he did not raise this argument at sentencing. Therefore, this court reviews the order only for plain error. See United States v. Gilberg, 75 F.3d 15, 20 (1st Cir.1996).
 
 
 2
 We may assume for purposes of this decision, without deciding, that the plea agreement does not contain an agreement to pay restitution. See United States v. Ramilo, 986 F.2d 333, 334 (9th Cir.1993) (interpreting similar agreement as merely "specify[ing] the amount of the loss sustained by each victim and hence the amount the court might order [defendant] to pay as a result of his guilty plea" and distinguishing it from "an agreement that [defendant] would pay restitution in the amounts listed").
 
 
 3
 Even though the plea agreement does not preclude Brooks from challenging the restitution order, the challenge fails on other grounds. Brooks faults the sentencing court for failing to consider the requisite factors, including defendant's financial resources, as mandated by 18 U.S.C. § 3664(a). The court's undisputed failure to make express findings is not fatal, however, because "the record clearly indicates that the court gave thought to the requisite factors." United States v. Savoie, 985 F.2d 612, 618 (1st Cir.1993).
 
 
 4
 The presentence report contained information about defendant's financial condition, including the financial needs and resources of defendant and his dependents. The sentencing court expressly adopted the findings of the presentence report. Therefore, there was no plain error with regard to the court's satisfaction of its statutory obligation under § 3664(a). See United States v. Lilly, 80 F.3d 24, 29 (1st Cir.1996) (holding that obligation under § 3664(a) "generally is satisfied where ... the court relies on the presentence report detailing the defendant's financial condition").
 
 
 5
 Brooks also argues that it was plain error for the district court to impose a restitution order absent evidence that he has the present or future ability to comply with the order. "[T]he statute merely requires the court to 'consider' financial condition, among other factors, 18 U.S.C. § 3664(a); there is no requirement that the defendant be found able to pay now." United States v. Lombardi, 5 F.3d 568, 573 (1st Cir.1993). With regard to future ability to pay, we have not yet resolved the issue of "what circumstance, if any, would preclude a district court from ordering restitution based on prospective income." Lilly, 80 F.3d at 29.
 
 
 6
 For an error to be "plain" it must be obvious. See United States v. Olano, 507 U.S. 725, 732-34 (1993). Given the legal uncertainty about the circumstances under which a restitution order may be based upon prospective income, and the factual uncertainty about whether Brooks retained any of the ill-gotten funds which he has been ordered to repay, the court's restitution order was not obviously erroneous. See Lombardi, 5 F.3d at 573. We "exercise our undoubted discretion under Olano to disregard the alleged error." United States v. Camuti, 78 F.3d 738, 747 (1st Cir.1996).
 
 
 7
 Brooks' sentence is summarily affirmed. See Loc. R. 27.1.