USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1712

 UNITED STATES,

 Appellee,

 v.

 E. EARLE RUGG, JR.,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Nathaniel M. Gorton, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Selya and Boudin, Circuit Judges.
 
 
 
 
 
 Jack W. Pirozzolo, Foley, Hoag & Eliot LLP on brief for
appellant.
 Donald K. Stern, United States Attorney, and Jennifer Zacks,
Assistant U.S. Attorney, on Motion for Summary Disposition, for
appellee.

July 9, 1999

 

 Per Curiam. Upon careful review of the record, defendant's
brief, and the government's motion for summary disposition, we
conclude that argument would not be helpful. See 1st Cir. Loc. R.
27.1.
 There is no merit in defendant's argument that, in setting the
amount of restitution, the district court failed to consider his
ability to pay. The presentence investigation report adequately
detailed defendant's finances, and the district court was not
required to make further express findings on the subject. See
United States v. Licausi, 167 F.3d 36, 52-53 (1st Cir. 1999). 
 And contrary to defendant's argument, the judgment, fairly
read as a whole and in context, did not require immediate payment
of the full amount of restitution. See United States v. Merric,
166 F.3d 406, 408 (1st Cir. 1999). However, the "schedule of
payments" included in the written judgment was not without
ambiguity, as it referred both to immediate payment and to an
undetermined schedule for later payment. On remand, the time or
schedule for repayment should be clarified. See 18 U.S.C. 
3663(f) (1994); U.S.S.G. 5E1.1 background ("The restitution order
should specify the manner in which . . . payment is to be made.")
(former version, Appendix C, amendment 571); United States v.
Timilty, 148 F.3d 1, 6 (1st Cir. 1998); United States v. Lilly, 80
F.3d 24, 29 (1st Cir. 1996); see also 18 U.S.C. 3664(f)(2).
 We do not address the ex post facto question here, because the
result would be the same under either version of the restitution
statutes. See Licausi, 167 F.3d at 52 n.4. 
 That portion of the judgment regarding the schedule for
payment of restitution is vacated, and the cause is remanded to the
district court for further proceedings to clarify the time or
schedule for repayment. The judgment is affirmed in all other
respects. The government's motion for summary disposition is
granted in part and denied in part accordingly.