IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 93-7685
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


VERSUS

GARY DANIEL ALBRO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Texas
_____
(September 1, 1994)


Before POLITZ, Chief Judge, WISDOM and SMITH, Circuit Judges.

PER CURIAM:


The defendant, Gary Albro, pleaded guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344.  He appeals the portion of his sentence that imposes restitution.  We find error only in the fact that the district court delegated certain matters to the probation officer that, under the caselaw of this court, cannot be delegated.

Albro was sentenced to eight months' imprisonment and supervised release of five years and ordered to pay a $50 special assessment.  He was ordered to pay restitution of $25,000 to the First Bank--Brownsville, Texas, and $20,232 to Hartford Casualty

Insurance Company.  The judgment of sentence also reads as fol-lows:  "Restitution shall be paid:  . . . in installments accord-ing to the following schedule of payments:  in a payment schedule as determined by the U.S. Probation Office."

Albro claims that this constitutes an unlawful delegation of authority to the probation officer.[1]  In United States v. Mancuso, 444 F.2d 691, 695 (5th Cir. 1971) (Supreme Court Justice Clark, Retired, sitting by designation), this court held the following: "The better practice is that where parties are aggrieved, the amounts to be paid and the manner of payment should be recited in the [sentencing] order, rather than delegating these details to the probation officer" (citing Whitehead v. United States, 155 F.2d 460, 462 (6th Cir.), cert. denied, 329 U.S. 747 (1946)). While the instant restitution order does designate the total amount to be paid, it delegates the "manner of payment," which we interpret to include the amount and timing of installments (if any), as well as any other details of payment.

While the district court may alter the payment schedule under 18 U.S.C. § 3663(g) and is free to receive and consider recommendations from the probation officer in this regard, the district court must designate the timing and amount of payments. This reasoning is consistent with United States v. Ahmad, 2 F.3d

---

[1] Albro raises this argument for the first time on appeal.  Accordingly, we review the sentence only for plain error.  We conclude that the unautho-rized delegation of sentencing authority from an Article III judicial officer to a non-Article III official affects substantial rights and constitutes plain error, at least under the circumstances presented here.  See United States v. Rodriguez, 15 F.3d 408, 414 (5th Cir. 1994) (listing the factors for "plain error" review).

245, 249 (7th Cir. 1993), in which the court held that "[h]ow much a defendant owes, and the extent to which payment may be deferred, is something the judge must decide."  The Ninth Circuit rejects this approach.  <u>See</u> <u>United States v. Barany</u>, 884 F.2d 1255, 1260 (9th Cir. 1989), <u>cert. denied</u>, 493 U.S. 1034 (1990); <u>United States v. Signori</u>, 844 F.2d 635 (9th Cir. 1988) (declining to follow <u>Mancuso</u>).

The judgment of sentence, accordingly, is VACATED, and this matter is REMANDED for resentencing in regard to restitution.