116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael HYDE, Defendant-Appellant.
 No. 96-50373.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1997.
Decided June 17, 1997.
 
 Appeal from the United States District Court for the Southern District of California, No. CR-95-1192-01-NAJ; Napoleon A. Jones, District Judge, Presiding.
 Before: BROWNING and SCHROEDER, Circuit Judges, and RESTANI, Judge.**
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant-appellant Michael Ramsey Hyde ("Hyde") appeals his conviction for armed bank robbery and his sentence of 120 years imprisonment claiming that the testimony of witness Lavonne Schmidt was improperly read back to the jury during deliberations.
 
 
 3
 The decision whether to reread testimony requested by a jury during deliberations "is within the sound discretion of the trial court." United States v. Nickell, 883 P.2d 824, 829 (9th Cir.1989). In general, however, rereading of testimony to the jury is disfavored as it may place undue emphasis on certain testimony and cause delays in the trial. United States v. Nolan, 700 F.2d 479, 486 (9th Cir.1983). An assessment of whether rereading of testimony would unduly emphasize that testimony "must be based on particular facts and circumstances of the case." United States v. Binder, 769 F.2d 595, 600 (9th Cir.1985).
 
 
 4
 Hyde claims that in failing to admonish the jury to weigh all evidence equally after allowing Schmidt's testimony to be reread, the district court abused its discretion. Hyde, however, has not identified any contradictory testimony on the relevant points. In the present case, the court reporter isolated the requested weapons portions of Schmidt's testimony and reread those portions in open court to the jury in the presence of counsel, which is the preferred method to avoid undue influence. See United States v. Sacco, 869 F.2d 499, 502 (9th Cir.1989) (replaying videotaped testimony in its entirety in open court and notifying counsel of intent to do so were sufficient precautionary measures); cf. United States v. Hernandez, 27 F.3d 1403, 1407-08 (9th Cir.1994) (allowing transcript of witness's testimony to be given to jurors in jury room without admonishing jury to weigh all evidence is abuse of discretion). Although the district court in the instant case did not caution jurors prior to their return to deliberations, the court did caution the jury to consider all evidence in the original jury charge. See United States v. Rohrer, 708 F.2d 429, 435 (9th Cir.1983) ("Additional instructions are left to the discretion of the judge.").
 
 
 5
 Hyde further claims that the district court erred by allowing only portions of Schmidt's testimony to be reread. Both Schmidt's direct and cross-examination testimony regarding the weapon were reread to the jury. In fact, most of the reread testimony was from cross-examination, rather than direct examination. See United States v. Ponce, 51 F.3d 820, 832-33 (9th Cir.1995) (having selected portions from both direct and cross-examinations was sufficiently precautionary).
 
 
 6
 Under the circumstances of this read-back (i.e., open court reading, extensive cross-examination read, no contradictory testimony excluded, original admonishment to consider all evidence) undue emphasis of the reread testimony requested by the jury would be avoided. Accordingly, the district court did not abuse its discretion in permitting the read-back.
 
 
 7
 AFFIRMED.
 
 
 
 **
 Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3