**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**FEB 2 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

THOMAS MICHAEL PHILLIPS,

    Defendant - Appellant.

No. 97-3224

(D.C. No. 95-10044-01)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Pursuant to a plea agreement, Defendant-Appellant, Mr. Thomas Phillips, pled guilty to one count of bank robbery and one count of using a firearm during and in relation to a crime of violence. On December 1, 1995, Defendant was sentenced to 138

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

months in prison and five years of supervised release. Defendant was also ordered to pay $3,870 in restitution. The district court specified the total amount of restitution owed, but delegated the determination of the amount and scheduling of payments to the United States Probation Office. See R., Supp. Vol. I, Doc. 40 at 9.

On June 17, 1997, Defendant filed a Motion to Suspend, Vacate, or Reschedule Restitution Payments, invoking federal court jurisdiction under 18 U.S.C. § 3664(a). See R., Vol. I, Doc. 30. Section 3663(a) provides a court with the authority to fashion an order of restitution. Defendant also asserted as a basis for relief 18 U.S.C. § 3572(d) and 18 U.S.C. § 3663(f)(1). See id. Both of these sections require the sentencing court to fix the terms of restitution. Defendant argued that the district court could not properly delegate its statutory authority to determine the terms of restitution to the United States Probation Office, citing United States v. Miller, 77 F.3d 71 (4th Cir. 1996), and United States v. Johnson, 48 F.3d 806 (4th Cir. 1995). The district court found that the version of 18 U.S.C. § 3664 in effect at the time of Defendant's sentencing did not provide the court with the authority to adjust Defendant's sentence. See R., Vol. I, Doc. 31 at 3. The district court determined that Defendant had "failed to set forth a valid reason for amending the order of restitution," and denied his motion. Id.

We believe Defendant raises a serious issue in his motion to the district court and on appeal. A majority of circuit courts considering whether a sentencing court may delegate its authority to set restitution payment amounts and schedules have held that this

authority may not be delegated.  See United States v. Mortimer, 94 F.3d 89, 91 (2d Cir. 1996); Johnson, 48 F.3d at 808-09; United States v. Graham, 72 F.3d 352, 356-57 (3d Cir. 1995), cert. denied, __ U.S. __, 116 S. Ct. 1286 (1996); United States v. Yahne, 64 F.3d 1091, 1097 (7th Cir. 1995); United States v. Albro, 32 F.3d 173, 174 (5th Cir. 1994).  The Eleventh Circuit has recognized that "the plain language of the statute and the persuasive opinions from [its] sister circuits" could support the type of claim Defendant raises in this appeal.  United States v. Fuentes, 107 F.3d 1515, 1528-29 n.25 (11th Cir. 1997) (holding, however, that Eleventh Circuit precedent clearly authorizes delegation of payment schedules to the probation office).

However meritorious Defendant's argument, we cannot reach the substance of his motion until we decide whether the district court properly exercised jurisdiction over this case.  Defendant's motion cites only 18 U.S.C. § 3664 for the attachment of federal court jurisdiction.  Section 3664 is not a jurisdictional statute.  Because Defendant comes before us *pro se*, we must construe his pleadings liberally.  See United States v. Warner, 23 F.3d 287, 290 (10th Cir. 1994); United States v. Pinto, 1 F.3d 1069, 1070 (10th Cir. 1993).  Therefore, we examine whether the district court could exercise jurisdiction over Defendant's motion by any other means.

A defendant may appeal a sentence imposed in violation of the law.  See 18 U.S.C. § 3742(a)(1).  However, Federal Rule of Appellate Procedure 4(b) requires that a notice of appeal be filed within ten days after the entry of judgment.  In the case before us,

Defendant's sentence was filed on December 12, 1995. Defendant did not file this motion until June 17, 1997. Therefore, Defendant's motion cannot be considered a timely appeal.

Pursuant to Federal Rule of Criminal Procedure 35(c), a court may correct a sentence imposed as a result of clear error. Defendant may not avail himself of the relief possible under this rule because the rule provides that the court must act within seven days after the imposition of the sentence. See Fed. R. Crim. P. 35(c).

A petitioner may also challenge the legality of a sentence through a motion to vacate or correct a sentence under 28 U.S.C. § 2255. See Pinto, 1 F.3d at 1070. A motion to correct a sentence brought under section 2255 must be made within one year after a judgment becomes final. See 28 U.S.C. § 2255. In United States v. Simmonds, 111 F.3d 737, 745-46 (10th Cir. 1997), we stated that prisoners whose convictions became final before April 24, 1996, had until April 24, 1997, to file a section 2255 motion challenging their conviction or sentence. Because Defendant did not file his motion until June 17, 1997, we cannot exercise jurisdiction under the theory that the motion is properly characterized as one brought pursuant to 28 U.S.C. § 2255.

Section 2255 contains several provisions which modify the strict one-year statute of limitations; however, none of these provisions apply in this case. Defendant has not alleged any impediment placed upon him by government action which would toll the statute of limitations under 28 U.S.C. § 2255(2). The Supreme Court has not recognized

4

any right during the time period in question that would provide Defendant a basis for relief.  See 28 U.S.C. § 2255(3).  Defendant relies upon the plain language of a statute in effect at the time of his sentencing; thus there are no new "facts" which would delay the tolling of the one-year period of limitation.  See 28 U.S.C. § 2255(4).

Therefore, we hold that the district court was without jurisdiction to consider Defendant's motion to suspend, vacate, or reschedule his restitution payments, and DISMISS this appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge

5