139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Michael T. KORANDO, Defendant-Appellant.
 No. 95-3071.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 27, 1998.*
Decided Feb. 26, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois. No. 92-40052-JPG, J. Phil Gilbert, Chief Judge.
 Before Hon. Thomas E. Fairchild, Hon. Richard D. Cudahy, Hon. Kenneth F. Ripple, Circuit Judges.
 
 ORDER
 
 1
 Michael Korando appeals the portion of his sentence that imposes restitution. Because the district court improperly delegated to the probation office the scheduling of restitution payments, we vacate the restitution order and remand for resentencing in accordance with this order
 
 
 2
 Korando was convicted of conspiring to violate the Racketeer Influenced and Corrupt Organization Act (RICO). He was sentenced to 78 months' imprisonment and ordered to pay restitution of nearly $56,000 to the Foremost Insurance Company and the Hartford Insurance Company. He appealed and the conviction was affirmed, United States v. Korando, 29 F.3d 1114 (7th Cir.1994), except that the order of restitution was vacated and remanded to the district court to explain why it had excused payment of a fine but imposed restitution in the amount that it did.
 
 
 3
 At resentencing, the district court heard testimony about Korando's ability to pay, including information about his wages in prison and the number and ages of his dependants. The court then reduced the total amount of restitution to $38,000 Utilizing AO Form 245C (Rev 7/93), entitled Correction or Reduction of Judgment in a Criminal Case, the district court indicated, by ticking off the appropriate box, that the schedule of restitution payments was to "be made as directed by the probation office."[1] Korando did not object to the restitution order in the district court.
 
 
 4
 On this appeal, Korando argues that the district court improperly delegated to the probation office its authority to schedule his payments. Korando raises this argument for the first time on appeal; accordingly, we review the restitution order only for plain error. Fed.R.Crim.P. 52(b), United States v. Olano, 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), United States v. Moore, 127 F.3d 635, 637 (7th Cir.1997). For a plain error to warrant reversal, it must affect the defendant's substantial rights and seriously affect the fairness, integrity, or public reputation of judicial proceedings. Olano, 507 U.S. at 732.
 
 
 5
 Dating back to United States v. Boula, 997 F.2d 263, 268 (7th Cir.1993), this circuit has vacated orders authorizing the probation office to set a payment schedule for restitution See e.g., United States v. Trigg, 119 F.3d 493, 499-500 (7th Cir.1997), United States v. Mohammad, 53 F.3d 1426, 1438-39 (7th Cir.1995). That authority is a judicial one, which may not be delegated. See United States v. Ahmad, 2 F.3d 245, 249 (7th Cir.1993). "How much the defendant owes, and the extent to which payment may be deferred, is something the judge must decide." Id. Other circuits have also prohibited a sentencing court from delegating its judicial authority to a non-judicial officer to determine the timing and manner of restitution payments. See, e.g., United States v. Graham, 72 F.3d 352, 356-57 (3d Cir.1995), United States v. Lindo, 52 F.3d 106, 107-08 (6th Cir.1995); United States v. Johnson, 48 F.3d 806, 809 (4th Cir.1995); United States v. Porter, 41 F.3d 68, 71 (2d Cir.1994), United States v. Albro, 32 F.3d 173, 174 (5th Cir.1994) (per curiam).
 
 
 6
 Without elaboration, the government urges us to follow the minority position staked out by the Ninth Circuit, which permits such delegations of authority. See United States v. Barany, 884 F.2d 1255, 1260 (9th Cir.1989). Accord United States v. Fuentes, 107 F.3d 1515, 1528-29 n. 25 (11th Cir.1997; United States v. Lilly, 901 F.Supp. 25, 31-32 (D.Mass.1995) (ordering full restitution but declining to set payment schedule and instead allowing probation office to "assess the defendant's progress toward satisfaction of [restitution]" and to act to revoke supervised release if satisfactory progress is not made), aff'd, 80 F.3d 24 (1st Cir.1996) Notwithstanding this line of cases, our precedent and the persuasive opinions from our sister circuits compel us to reiterate that the responsibility for setting the schedule for payments is an inherently judicial function that cannot be delegated.
 
 
 7
 The Mohammad case is especially instructive here because it too was decided on the basis of plain error. The two defendants in that case had failed to challenge on appeal the order of restitution that authorized the probation officer to determine the manner of restitution. Applying the plain error standard, we held that the "delegation of this serious sentencing decision from a judicial officer to another deprives the defendant of a substantial right[,] ... [constitutes] a serious structural defect in the criminal proceedings," and "seriously affects the integrity of those proceedings." Mohammad, 53 F.3d at 1439. We vacated the restitution orders of both defendants. See also United States v. Albro, 32 F.3d 173 (5th Cir.1994) (per curiam) (holding that district court's delegation of authority to probation officer to set restitution payment schedule constituted plain error).
 
 
 8
 One final observation is in order. The government, without citation to any cases, suggests that a court does not abdicate its judicial responsibility in delegating authority to a probation officer to determine a restitution payment schedule any more than when it delegates authority to the Federal Bureau of Prisons to establish a payment schedule under the Inmate Financial Responsibility Program. Although we have not decided the issue, see United States v. Sanchez-Estrada, 62 F.3d 981, 994 (7th Cir.1995), the two circuits which have considered it have held that delegations of authority to the Bureau of Prisons to determine the timing of restitution payments are improper. United States v. Morffmer, 94 F.3d 89, 90 (2d Cir.1996), United states v. Blake, 81 F.3d 498, 507 (4th Cir.1996) We need not decide the issue here, however, because we hold that the district court plainly erred in delegating its authority to set a restitution payment schedule.
 
 
 9
 The order of restitution must be reconsidered We vacate only that order, and remand to the district court for resentencing for the limited purpose of modifying the order of restitution consistent with this order. See United States v. Parker, 101 F.3d 527, 528 (7th Cir.1996).
 
 
 
 *
 This successive appeal has been assigned to the original panel under Internal Operating Procedure 6(b). The panel heard oral argument on the initial appeal, United States v. Korando, 29 F.3d 1114 (7th Cir.1994), and is unanimously of the view that a second oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a), Cir.R. 34(f)
 
 
 [1]
 We are aware that AO Form 245C has been revised and that the latest version of this form is dated 8/96. This new form does not contain the provision that allows delegation of the determination of the schedule of payments