**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MICHAEL R. HYDE,

      Plaintiff-Appellant,

v.

KATHY HAWK, U.S. Bureau of
Prisons, Washington, D.C.,

      Defendant-Appellee.

No. 99-3016
(D.C. No. CV-98-3107-GTV)
(D. Kan.)

---

ORDER AND JUDGMENT *

---

Before **BRORBY** , **EBEL** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Michael Ramsey Hyde is a federal prisoner currently housed at the United States Penitentiary at Leavenworth, Kansas, pursuant to a sentence imposed by the United States District Court for the Southern District of California. He appeals from the dismissal of his Bivens[1] action, filed pro se and in forma pauperis. He asserts that because the district court has exclusive authority to set a schedule for the payment of monetary penalties imposed in a criminal sentence, that defendant Kathy Hawk, through her employees within the United States Bureau of Prisons (BOP), is violating his constitutional rights by using the Inmate Financial Responsibility Program (IFRP), see 28 C.F.R. §§ 545.10, 545.11, to divert a percentage of the wages he earns on his prison job to pay his court-ordered restitution, special assessment, and court costs. Plaintiff contends that he agreed to participate in the IFRP only because defendant's employees threatened to withhold privileges from him if he refused. He seeks a refund of his money and permanent injunctive relief. The district court granted plaintiff leave to proceed in forma pauperis and dismissed the complaint, sua sponte and prior to service, on the basis that plaintiff invited the alleged error by signing an IFRP contract. See R. Doc. 9. We have jurisdiction under 28 U.S.C. § 1291.

---

[1] See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

A civil complaint accompanied by a motion to proceed in forma pauperis is reviewed under 28 U.S.C. § 1915. A civil complaint filed by a prisoner seeking redress from a governmental entity is reviewed under 28 U.S.C. § 1915A. Both statutes apply here. Under either of them, a district court must dismiss the complaint prior to service if it is frivolous or malicious, see § 1915(e)(2)(B)(i); § 1915A(b)(1), or if it fails to state a claim upon which relief may be granted, see § 1915(e)(2)(B)(ii); § 1915A(b)(1), or if it seeks monetary relief from a defendant who is immune from such relief, see § 1915(e)(2)(B)(iii); § 1915A(b)(2). The district court did not indicate the statutory authority upon which it relied to dismiss plaintiff's Bivens action.

We conclude that the district court erred in relying on the invited error doctrine to dismiss plaintiff's complaint. "The invited error doctrine prevents a party from inducing action by a court and later seeking reversal on the ground that the requested action was error." United States v. Johnson, 183 F.3d 1175, 1178 n.2 (10th Cir. 1999); accord Parker v. Champion, 148 F.3d 1219, 1221-22 (10th Cir. 1998), cert. denied, 119 S. Ct. 1053 (1999); Sanders v. Buchanan, 407 F.2d 161, 163 (10th Cir. 1969). The doctrine therefore is not implicated in this case.

Further, plaintiff's claim (if we disregard for the moment the vehicle by which he attempts to raise it) is not frivolous. The majority of circuits to have considered the issue have decided that setting a schedule for a prisoner to pay

restitution or fines is a core judicial function under the statute, [2] and that the district court may not delegate to the BOP its duty to set the schedule. _See_ _United States v. Coates_, 178 F.3d 681, 684-85 (3d Cir. 1999) (restitution); _United States v. Workman_, 110 F.3d 915, 918-19 (2d Cir. 1997) (fine); _United States v. Mortimer_, 94 F.3d 89, 90 (2d Cir. 1996) (restitution); _United States v. Miller_, 77 F.3d 71, 74, 77 (4th Cir. 1996) (restitution); _see also_ _United States v. Albro_, 32 F.3d 173, 174 & n.1 (5th Cir. 1994) (per curiam) (holding that court may not delegate duty to designate restitution payment schedule to non-Article III official); _United States v. Boula_, 997 F.2d 263, 269 (7th Cir. 1993) (holding that court must retain control over prisoner's payment of restitution and may not delegate discretion to probation office); _cf._ _Montano-Figueroa v. Crabtree_, 162 F.3d 548, 549-50 (9th Cir. 1998) (per curiam) (holding that restitution statute did not bar BOP from diverting part of prisoner's wages to pay court-ordered fine where delegation of duty to establish payment schedule was not express and fine was therefore due immediately under relevant statute), _cert. denied_, 119 S. Ct. 1505 (1999); _see also_ _United States v. Hill_, No. 98-3709, 1999 WL 801543, at *1

---

[2] The version of the restitution statutes that applies in a particular case is determined by the date on which a prisoner was convicted. The restitution statutes were amended by the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. §§ 3663A-3664, included in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). This court has decided that the amendments do not apply to prisoners who were convicted before AEDPA's April 24, 1996 enactment. _See_ _United States v. Olson_, 104 F.3d 1234, 1237 n.2 (10th Cir. 1997).

(6th Cir. Sept. 28, 1999) (unpublished) (summarily rejecting prisoner's claim that court improperly delegated duty to set restitution payment schedule to BOP). This court has identified this as a "serious issue," but has not yet decided it. United States v. Phillips, No. 97-3224, 1998 WL 51743, at **1 (10th Cir. Feb. 2, 1998) (unpublished).

Nevertheless, we may affirm the district court's dismissal on a different ground if the record is sufficient to allow conclusions of law. See United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994). We hold that the record is sufficient to affirm the dismissal of plaintiff's complaint on the basis that a Bivens remedy is not available to redress his alleged injury, and that he has therefore failed to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

Plaintiff's complaint makes clear that the actions of defendant for which he seeks redress are based on the alleged "improper delegation of judicial functions inherent in [the] grant of restitution and/or fine," that is, the district court's failure to set a schedule in his criminal sentence for the payment of restitution, special assessment, and court costs. R. Doc. 1 at 3. His Bivens claim is therefore barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his . . . sentence;

if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the . . . sentence has already been invalidated." Id. at 487. While Heck concerned an action brought under 42 U.S.C. § 1983, its holding also applies to actions brought under Bivens. See Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam). Plaintiff's allegations necessarily imply that his sentence is invalid. We take judicial notice that plaintiff filed a direct criminal appeal, but did not challenge the district court's alleged delegation of payment scheduling authority to the BOP. See United States v. Hyde, No. 96-50373, 1997 WL 330678 (9th Cir. June 17, 1997) (unpublished), cert. denied, 118 S. Ct. 348 (1997). Plaintiff also filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which was dismissed and not appealed. No. 3:98cv1939 (S.D. Cal. Apr. 28, 1999). Therefore, plaintiff cannot show the elements necessary to sustain a Bivens claim, and has failed to state a claim upon which relief may be granted.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge