IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40346
Conference Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

WILLIE G. ATKINSON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:87-CR-57-1
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Willie Gregory Atkinson, federal prisoner # 82807-011,
appeals the district court's denial of his motion pursuant to 18
U.S.C. § 3663(g) for lack of jurisdiction.  Atkinson argues that
according to United States v. Albro, 32 F.3d 173 (5th Cir. 1994),
the district court erred in failing to include in the judgment
and commitment order a provision for the timing of payments or a
payment schedule for the order of restitution and illegally left
the matter to the Bureau of Prisons.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The district court correctly denied Atkinson's motion for lack of jurisdiction under United States v. Hatten, 167 F.3d 884 (5th Cir. 1999).  Albro was a direct criminal appeal of the restitution portion of the defendant's sentence.  In Hatten, this court held that the district court did not have jurisdiction under 18 U.S.C. § 3663(g) to consider the legality of the restitution order itself.  The court noted that if a prisoner could not meet the payment schedule established, the proper course of action was to petition the district court to modify its restitution order pursuant to 18 U.S.C. § 3663(g).  According to Atkinson's arguments in his motion and now on appeal, he is attacking the legality of the district court's order of restitution under Albro, and so the district court correctly applied Hatten in determining that it lacked jurisdiction to consider his motion.  If Atkinson seeks merely to argue that due to his circumstances he cannot meet the payment schedule established, he can file a motion requesting the district court to modify the restitution order under 18 U.S.C. § 3663(g) and present to the district court the circumstances that have a bearing on his ability to pay.

AFFIRMED.