**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-41285**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**VIRDIS LARON BONNER,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(C-00-CR-227-1)**

_____

April 23, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Virdis LaRon Bonner appeals his sentence following his guilty-plea conviction for bank fraud, in violation of 18 U.S.C. § 1344. Bonner maintains, for the first time on appeal, that the district court erred by delegating to the probation office the duty to designate the payment schedule for the ordered mandatory restitution (approximately $35,000).

We conclude that the district court committed plain, reversible error in both its oral pronouncement and its written judgment when it delegated to the probation office the responsibility of establishing a payment schedule for Bonner to pay

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

restitution remaining after his release from prison.  *See* 18 U.S.C. § 3664(F)(2); ***United States v. Albro***, 32 F.3d 173, 174-75 & n.1 (5th Cir. 1994) (plain, reversible error for district court to sentence defendant to pay restitution "in a payment schedule as determined by the U.S. Probation Office" (internal quotation marks omitted)).

Accordingly, the judgment of sentence is **VACATED**, and this matter is **REMANDED** for resentencing as to restitution.

*VACATED and REMANDED*