IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21188
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee

versus

MANUEL TORRES-MALDONADO

Defendant-Appellant.

_____

Appeal from the United States District court
for the Southern District of Texas
USDC No. H-01-CR-469-ALL

_____

August 29, 2002

Before REYNALDO G. GARZA, JONES, and EMILIO M. GARZA, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

On November 19, 1999, Manuel Torres-Maldonado was found in Huntsville, Texas after having been previously deported following conviction for an aggravated felony. He was subsequently convicted of illegal reentry following deportation subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2).

Torres-Maldonado argues that it was plain error in violation of 18 U.S.C. § 3672 and

_____

[1] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Article III of the United States Constitution for the district court to delegate to a probation officer the power to determine Torres-Maldonado's ability to pay the costs of substance abuse detection and treatment. Torres-Maldonado relies on *United States v. Albro*, 32 F.3d 173, 174 (5th Cir. 1994), which held that the court, rather than a probation officer, must make any decision as to the amount and manner of restitution payments. *See id*. Nevertheless, *United States v. Warden*, 291 F.3d 363, 365-66 (5th Cir. 2002), forecloses Torres-Maldonado's reliance on *Albro*. In *Warden*, we held that in a case such as this, where the payments are solely for program costs, the probation officer may make a factual determination regarding the defendant's ability to pay..

Torres-Maldonado also argues that the aggravated felony provision of 8 U.S.C. § 1326(b)(2) is unconstitutional. While he acknowledges that *Almendarez-Torres v. United States*, 523, U.S. 224, 235 (1998), forecloses this issue, he nonetheless asserts that *Apprendi v. New Jersey*, 530 U.S. 466, 489-90 (2000) casts doubt upon this *Almendarez-Torres*. *Apprendi*, however, did not overrule *Almendarez-Torres*. *See Apprendi*, 530 U.S. at 489-90; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow *Almendarez-Torres* unless and until it is overruled by the Supreme Court. *See Dabeit*, 231 F.3d at 984.

Lastly, though neither party addresses this issue, the district court used the incorrect edition of the sentencing guidelines to calculate Torres-Maldonado's sentence. Because Torres-Maldonado's sentencing guidelines would have been the same under the 2001 edition that should have been used, this does not constitute plain error, and we do not address it.

AFFIRMED.

2