**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 02-20134**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**PABLO A. CASAS,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-01-CR-673-1)**

November 12, 2002

Before DAVIS, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This appeal by Pablo A. Casas is from a judgment revoking his supervised release and re-sentencing him. Primarily at issue are whether the district court reversibly erred: (1) by including, in its written judgment of conviction and sentence, special conditions of supervised release different from those orally pronounced at sentencing; and (2) by delegating to Casas' probation officer the authority to set the amount and timing of payments for court-

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ordered "drug/alcohol detection and treatment" and electronic monitoring services.  **VACATED AND REMANDED.**

I.

After Casas pleaded guilty in the United States District Court for the Central District of Illinois (Illinois district court) to knowingly possessing, with intent to distribute, 1000 kilograms or more of a mixture or substance containing marijuana, he was sentenced in March 1996 to 84 months' imprisonment and a five-year term of supervised release.  His term of imprisonment was reduced to 46 months following the Government's motion under FED. R. CRIM. P. 35(b).

Casas was released from prison in January 1999 and began his term of supervised release.  In August 2000, the Illinois district court revoked Casas' supervised release because of his possession and use of a controlled substance.  He was sentenced to 12 months' imprisonment and a three-year term of supervised release.  That second term of supervised release began in May 2001, following his second release from prison.

That August, jurisdiction over Casas' supervised release was transferred to the United States District Court for the Southern District of Texas (Texas district court).  That September, the probation office for that district filed a petition to revoke Casas' supervised release.  He pleaded "true" to the allegations made by the probation office.  The Texas district court revoked

2

Casas' supervised release and sentenced him to 12 months' imprisonment and to a supervised release term of three years.

## II.

Casas contends:  the Texas district court reversibly erred in imposing certain special conditions of supervised release; and the statute under which he was originally convicted, 21 U.S.C. § 841, is facially unconstitutional in the light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

## A.

For the challenged special conditions, Casas contests:  terms in the written judgment different from those orally pronounced at sentencing; and, the district court's delegating to the probation office the authority to set the amount and timing of payments for court-ordered drug/alcohol detection and treatment and electronic monitoring related to home detention.

The imposition of special conditions for supervised release is reviewed for an abuse of discretion. *E.g., United States v. Warden*, 291 F.3d 363, 364, 365 n.1 (5th Cir. 2002); *United States v. Bird*, 124 F.3d 667, 684 (5th Cir. 1997), *cert. denied*, 523 U.S. 1006 (1998).  (Casas' objection was raised for the first time on appeal because he had no opportunity to object to new special conditions imposed by the written judgment.  Thus, we review under the usual abuse of discretion standard. *See Warden*, 291 F.3d at 365 n.1).  A district court abuses its discretion if it bases its

3

decision on "an error of law or a clearly erroneous assessment of the evidence". *United States v. Mann*, 161 F.3d 840, 860 (5th Cir. 1998), *cert. denied*, 526 U.S. 1117 (1999).

1.

Casas contends that, because certain special conditions in the written judgment differ from those orally pronounced at sentencing, the written judgment must be revised to conform to the conditions orally imposed.

At the sentencing hearing, the Texas district judge stated that Casas would be sentenced to supervised release "on the same conditions as [imposed by the Illinois district court and] contained in the initial supervised release form together with any additional matters that will be in the final judgment of revocation...." The district judge then stated that additional conditions of Casas' supervised release would, *inter alia*, "include home confinement with electronic monitoring for one year following his release [and] drug treatment which will be required".

In addition to ordering drug treatment and home confinement, the written judgment provides:

> The defendant shall further submit to *drug detection techniques in addition to those performed by the treatment agency*, as directed by the probation officer. The defendant will *incur costs* associated with such drug/alcohol detection and treatment, based on ability to pay as determined by the probation officer.
>
> ...

4

> If electronic monitoring is used, the defendant will *incur costs* associated with such monitoring, based on ability to pay as determined by the probation officer.

(Emphasis added.)

Casas concedes that certain portions of the written judgment's special conditions of supervision "arguably embody" the orally-pronounced condition of drug treatment. On the other hand, he claims that the written judgment impermissibly expands upon the oral pronouncement by requiring: (a) submission to drug detection techniques, as directed by the probation officer; and (b) payment of costs associated with drug/alcohol detection and electronic monitoring, as determined by the probation officer.

a.

For the claimed variation concerning the additional drug testing, Casas contends the issue is governed by **United States v. Martinez**, 250 F.3d 941, 942 (5th Cir. 2001) ("In this circuit, it is well settled law that where there is any variation between the oral and written pronouncements of sentence, the oral sentence prevails.").

In **Martinez**, the district court orally imposed imprisonment, supervised release, and 100 hours of community service. *Id*. at 941-42. The written judgment, however, also required participation in a drug/alcohol program. *See Id*. at 942. **Martinez** held that the oral pronouncement and written judgment were in conflict because, at sentencing, the district court did not include mandatory drug

treatment as a special condition of supervised release; the case was remanded for the district court to amend the judgment. *See* ***id.***

The Government contends the facts at hand can be distinguished from those in ***Martinez***. It asserts that, here, the written judgment does not impose a new condition because, in its oral pronouncement, the Texas district court *incorporated* the conditions of Casas' original supervised release, as imposed by the Illinois district court.

That initial judgment provides that, as a special condition of supervision, Casas "shall participate in a *program* for substance abuse treatment/counseling *including testing* to determine whether [he has] used controlled substances and/or alcohol, under a plan to be established by the U.S. Probation Office" (treatment/counseling provision). (Emphasis added.) That initial judgment *also requires* Casas to "submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer" (testing provision).

The Government contends: the Illinois district court's treatment/counseling provision does not explicitly refer to testing by a treatment agency, but instead calls for participation in a "program" including testing under a "plan to be established by the U.S. Probation Office"; thus, the provision allows testing at the discretion of the probation officer. Contrary to the Government's contention, however, that treatment/counseling provision apparently

6

refers to testing in connection with a treatment and counseling agency's program. Further, although the Illinois district court's testing provision allows the probation officer to require additional drug testing, it specifies the timing of tests and minimum number to be performed.

Considering the *original testing provision*, its adoption by the Texas district court, and that court's written judgment, the judgment creates a minor conflict between the oral pronouncement and judgment with respect to such testing. It is clear that, like the Illinois district court, the Texas district court intended, through its written judgment, that Casas be required to submit to drug tests *in addition* to those performed by the treatment agency, at the direction of the probation officer. The Illinois district court, however, imposed more specific requirements for drug testing at the direction of the probation officer: one test in the first 15 days; and, at least two tests thereafter.

Because the Texas district court's written judgment places no limits on the probation officer's discretion to require more than one test within the first 15 days, the judgment allows testing beyond that prescribed by the Illinois district court's testing provision. In addition, unlike the Illinois district court's testing provision, the written judgment does not *require* at least two tests after the first 15-day period.

7

To the extent there is conflict between the oral pronouncement and written judgment, the former controls. *Martinez*, 250 F.3d at 942. In sum, the written judgment must be conformed to the oral pronouncement, including the incorporated special conditions on testing imposed by the Illinois district court.

b.

Casas also contends that the Texas district court's written judgment differs from its oral pronouncement to the extent the former imposes payment requirements. Again, the judgment requires Casas to pay for costs associated with drug/alcohol detection and treatment and with electronic monitoring.

Casas' contention is precluded by *Martinez*, as applied by *Warden*, 291 F.3d at 363. *Warden* applied the rule of *Martinez* under facts closely analogous to the case at hand. The district judge in *Warden* orally pronounced that the defendant was required to undergo various forms of treatment and counseling as conditions of his supervised release. *Id*. at 364. In the written judgment, the district court added a requirement that Warden incur costs associated with the treatment and counseling "based on ability to pay as determined by the probation officer". *Id*. Warden contended that the district court committed reversible error by adding the payment condition. *Id*. at 365.

Our court determined that the difference between the oral pronouncement and written judgment "create[d], if anything, an

8

ambiguity". *Id*. Because there was ambiguity, "the entire record [had to] be examined to determine the district court's true intent". *Martinez*, 250 F.3d at 942. Looking to the intent of the sentencing court, *Warden* determined that "the requirement that Warden bear the costs of the ordered treatments is clearly consistent with the district court's intent that he attend [the ordered treatment and counseling], as evidenced in the statements made by the court at the sentencing hearing". *Warden*, 291 F.3d at 365.

Similarly, as a condition of Casas' supervised release, the district court orally required Casas to undergo drug/alcohol treatment and monitoring and to submit to home detention with electronic monitoring. The written judgment specifying that Casas incur costs associated with these special conditions is consistent with the district court's intent in imposing them. In this regard, Casas has not shown an abuse of discretion.

2.

Alternatively, Casas contends the district court impermissibly delegated to the probation office the task of setting the amount and timing of payments. Casas bases this on 18 U.S.C. § 3672, which provides in relevant part:

> Whenever the court finds that funds are available for payment by or on behalf of a person furnished such services, training, or guidance, the court may direct that such funds be paid to the Director. Any moneys collected under this paragraph shall be used to

9

> reimburse the appropriations obligated and disbursed in payment for such services, training, or guidance.

Casas maintains that, because § 3672 refers to "the court", it contemplates a judicial, not a probation officer's, finding and order concerning a defendant's ability to pay. Section 3672 simply establishes the powers and duties of the Director of the Administrative Office of the United States Courts and is permissive rather than mandatory. It does not require judicial determinations of ability to pay, nor does it prevent the district court from delegating such determinations to probation officers.

Casas also relies on *United States v. Albro*, 32 F.3d 173, 174 (5th Cir. 1994), which held that a determination of *restitution payments* is a judicial function that cannot be delegated to a probation officer.

Casas' assertion is foreclosed by *Warden*, 291 F.3d at 365-66, which rejected an argument that the district court "impermissibly delegated its authority to the probation officer to determine [the defendant's] 'ability to pay' the costs of ... treatments". *Warden* noted that the authority of the probation officer was limited to a determination of Warden's ability to pay, "a factfinding determination made by probation officers in other contexts". *Id*. at 366. *Warden* distinguished *Albro* because it involved restitution payments, not drug treatment costs. *See* *id*. Similarly, the probation officer's discretion in the case at hand is limited to

10

determining ability to pay, and this case deals with drug treatment costs, *not* restitution.

B.

Although Casas' notice of appeal states he is appealing the revocation judgment and sentence, he also challenges the validity of his underlying conviction and sentence.  As was done in **Warden**, 291 F.3d at 366, this challenge is premised on the notion that the statute of conviction, 21 U.S.C. § 841, is facially unconstitutional in the light of **Apprendi v. New Jersey**, 530 U.S. 466 (2000) (facts that increase penalty beyond statutory minimum must be submitted to jury and proved beyond a reasonable doubt).

A threshold issue, however, is whether, in a revocation proceeding, Casas may challenge his underlying conviction and sentence.  This question was left open in **United States v. Teran**, 98 F.3d 831, 833 n.1 (5th Cir. 1996).

Assuming *arguendo* Casas can now challenge the validity of his underlying conviction, his challenge fails.  Casas claims that 21 U.S.C. § 841 is facially unconstitutional under **Apprendi** because the statute, consistent with the intent of Congress, treats drug type and quantity as sentencing factors.  On the other hand, and as was done in **Warden**, 291 F.3d at 366, Casas concedes that his claim is foreclosed in this circuit by **United States v. Slaughter**, 238 F.3d 580, 582 (5th Cir.) ("We see nothing in the Supreme Court decision in **Apprendi** which would permit us to conclude that 21

11

U.S.C. §§ 841(a) and (b), 846, and 860(a) are unconstitutional on their face."), *cert. denied*, 532 U.S. 1045 (2001).  He seeks only to preserve the issue for further review.

III.

For the foregoing reasons, the judgment is **VACATED** and this case is **REMANDED** to the district court for it to amend its written judgment to conform to its oral pronouncement of sentence.

*VACATED AND REMANDED*