IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-40525
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

VIVECA PAZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 07:07-CR-29-1

Before JOLLY, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Viveca Paz appeals her sentence following her guilty-plea conviction for aggravated identity theft, a violation of 18 U.S.C. §§ 1028A(a)(1), (c)(11). Paz contends that the district court erred by delegating to the probation office the duty to designate the restitution payment schedule. She also contends that, because the record reflects that the district court orally ordered restitution payments to begin during her supervised release term, there is a conflict between the oral and written judgments regarding whether the order of

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

restitution is a separate criminal penalty that she must begin to pay while she is incarcerated.

Addressing Paz's second contention first, we view the record differently than Paz. In our view, there is no conflict between the oral and written judgments and any ambiguities may be resolved by examining the record as a whole. See United States v. English, 400 F.3d 273, 276 (5th Cir. 2005). An order of restitution was mandatory in this case pursuant to 18 U.S.C. § 3663A. The district court's oral statements that payment of restitution also was a condition of supervised release are consistent with its written judgment and with applicable law. In addition, the written judgment specifically provides that payment of criminal monetary penalties is due during imprisonment, unless the district court has "expressly ordered otherwise." We see nothing in the district court's oral judgment that would constitute such an express order.

However, the written judgment states that the total restitution amount "shall be paid as per a schedule established by the U.S. Probation Office." The district court committed plain, reversible error when it expressly delegated to the probation office the responsibility of establishing a payment schedule for Paz. See United States v. Albro, 32 F.3d 173, 174-75 (5th Cir. 1994). This portion of her sentence must be vacated and remanded to the district court for resentencing. See id. Because a remand is required, in the interest of fairness to all concerned parties, we leave it to the district court, in establishing a payment schedule, to indicate when restitution payments must begin.

VACATED AND REMANDED FOR RESENTENCING.