IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-20055
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PAULETTE DAVIS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-240

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Paulette Davis pleaded guilty to making false entries and reports of moneys or securities in violation of 18 U.S.C. § 2073. She was sentenced to two years of probation. As a special condition of her supervision while on probation, Davis was ordered to "participate in a mental health program as deemed necessary and approved by the probation officer." Davis appeals, arguing that the district judge unlawfully and unconstitutionally delegated his statutory and Article III authority to determine sentencing conditions to a non-judicial officer.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Davis did not object at sentencing, this court reviews for plain error only. To show plain error, Davis must show an error that is clear or obvious and that affects her substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008). If she makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Davis cites primarily *United States v. Albro*, 32 F.3d 173 (5th Cir. 1994), to support her position that the district judge plainly erred by delegating his authority to determine special conditions of release to a probation officer. In that case, Albro was convicted of bank fraud and ordered to pay restitution. Although the district judge himself determined the amount to be paid, he delegated the "manner of payment" to a probation officer. We agreed with Albro that "'the amounts to be paid and the manner of payment should be recited in the [sentencing] order, rather than delegating these details to the probation officer.'" *Id.* at 174 (citations omitted). We found plain error and reversed.

In *United States v. Warden*, this court held that it was not plain error to allow a probation officer to determine a defendant's ability to pay for drug treatment; Albro concerned "restitution payments," this court wrote, not the costs of drug treatment. 291 F.3d 363, 365-66 (5th Cir. 2002). In *United States v. Vega*, 332 F.3d 849, 852 n.3 (5th Cir. 2003), this court determined that it was not plain error to allow a probation officer to determine the length of a defendant's drug treatment.

In light of our opinions in *Warden* and *Vega*, there could be no plain error here because our precedents do not plainly require the result Davis urges. Accordingly, Davis's sentence is AFFIRMED.