# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 25, 2011

Lyle W. Cayce
Clerk

No. 10-40366
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

RENE MANUEL LOPEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-751-2

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rene Manuel Lopez appeals the sentence imposed following revocation of his supervised release in April 2010, arguing that the district court violated his equal protection rights by conditioning supervised release on his payment of restitution, when he lacks the financial resources to make payments and thus faces imprisonment based on his inability to pay. He further argues that the court improperly delegated its authority to set a restitution payment schedule to a probation officer.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40366

Lopez is currently serving a 13-month term of imprisonment following his most recent revocation of supervised release in April 2011 for failing to comply with the regulations of his community confinement center; however, the April 2011 judgment reflects that no term of supervised release will follow Lopez's current prison term. Thus, as to his equal protection claim, Lopez presents no live case or controversy for which this court may grant relief because he no longer faces the threat of imprisonment if he fails to make restitution payments. His equal protection argument is, for this reason, moot and dismissed. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also United States v. Rosenbaum-Alanis*, 483 F.3d 381, 383 (5th Cir. 2007).

As to Lopez's improper delegation argument, the April 2010 judgment at issue in the instant appeal requires payment of the total restitution figure at a monthly rate to be determined by a probation officer. Appeal of this issue is not moot because the April 2011 judgment indicates that Lopez remains subject to a restitution order but again fails to reflect the manner of payment.

Restitution orders are reviewed for an abuse of discretion. *United States v. Myers*, 198 F.3d 160, 168 (5th Cir. 1999). Because Lopez did not object in the district court on the grounds raised in the instant appeal, our review is limited to plain error. *Id.* To show plain error, Lopez must show a forfeited error that is clear or obvious and affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes this showing, we have the discretion to correct the error but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, citation and brackets omitted).

The district court committed clear or obvious error by delegating its authority to establish the manner of Lopez's restitution payments. *See United States v. Albro*, 32 F.3d 173, 174 & n.1 (5th Cir. 1994). We hold that this error affected Lopez's substantial rights and exercise our discretion to correct the

2

error. *See id.*; *see also Puckett*, 129 S. Ct. at 1429. This portion of Lopez's sentence must, therefore, be vacated and remanded to the district court for resentencing. *See Albro*, 32 F.3d at 175.

DISMISSED, IN PART; VACATED AND REMANDED FOR RESENTENCING, IN PART.